1  SCOTT+SCOTT ATTORNEYS AT LAW LLP
   PATRICK COUGHLIN (CA Bar No. 111070)
2  CARMEN MEDICI (CA Bar No. 248417)
   MAXWELL R. HUFFMAN (CA Bar No. 264687)
3  ALEX M. OUTWATER (CA Bar No. 259062)
   600 W. Broadway, Suite 3300
4  San Diego, CA 92101
   Telephone: (619) 233-4565
5  pcoughlin@scott-scott.com
   cmedici@scott-scott.com
6  mhuffman@scott-scott.com
   aoutwater@scott-scott.com
7
   *Lead Attorneys for Co-Lead Plaintiffs*
8
   [Additional Counsel on Signature Page.]
9

10

11                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
12                     SAN FRANCISCO DIVISION

13  IN RE ALPHABET, INC., SHAREHOLDER          Consolidated
    DERIVATIVE LITIGATION                       Case No.: 3:21-cv-09388-RFL
14

15                                              **JOINT CASE MANAGEMENT
                                                CONFERENCE STATEMENT**
16
                                                Judge:      Rita F. Lin
17

18

19

20

21

22

23

24

25

26

27

28

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiffs Bucks County Employees' Retirement System ("Bucks County") and Police and Fire Retirement System for the City of Detroit ("Detroit"; collectively with Bucks County, "Plaintiffs"), Nominal Defendant Alphabet, Inc. ("Alphabet" or the "Company"), and Individual Defendants Larry Page, Sergey Brin, John L. Hennessy, L. John Doerr, K. Ram Shriram, Ann Mather, Alan R. Mulally, Roger W. Ferguson, Jr., Robin L. Washington, Frances H. Arnold, Sundar Pichai, and Eric E. Schmidt (together, "Individual Defendants"; collectively with Alphabet, "Defendants") (Plaintiffs and Defendants are, collectively, the "Parties") in the above-captioned consolidated case, by and through their respective counsel of record, hereby jointly submit this Joint Case Management Statement pursuant to this Court's June 12, 2024, Order, ECF No. 74.

1. **DATE FILED**

    Plaintiffs filed this case on December 3, 2021.

2. **PARTIES**

    The Parties to this case are as follows:

    - **Plaintiffs:** Bucks County Employees' Retirement System and Police and Fire Retirement System for the City of Detroit.

    - **Defendants:** Larry Page, Sergey Brin, John L. Hennessy, L. John Doerr, K. Ram Shriram, Ann Mather, Alan R. Mulally, Roger W. Ferguson, Jr., Robin L. Washington, Frances H. Arnold, Sundar Pichai, Eric E. Schmidt, and Nominal Defendant Alphabet, Inc.

3. **CLAIMS**

    Plaintiffs assert claims derivatively on behalf of Alphabet for (i) breach of fiduciary duty against the Individual Defendants in their capacity as directors, (ii) breach of fiduciary duty against Sergey Brin, Larry Page, Eric Schmidt, and Sundar Pichai in their capacity as officers, (iii) breach of fiduciary duty against Sergey Brin, Larry Page, and Eric Schmidt in their capacity as controlling stockholders, (iv) unjust enrichment against the Individual Defendants, and (v) corporate waste against the Individual Defendants.

## 4. FACTS

This lawsuit alleges that Alphabet's Board exposed the Company to antitrust investigations and enforcement actions by the Department of Justice and state attorneys general. Each of these enforcement actions remains pending: one action is pending appeal to the Ninth Circuit, the second is undergoing discovery prior to a trial on remedies, the third is pending a decision on liability, and the fourth remains in the expert discovery phase. *Infra* at 4–6. A fifth related action, a putative securities class action pending before this Court, faces a second motion to dismiss. *Infra* at 4.

In this action, Plaintiffs filed two verified shareholder derivative complaints on behalf of nominal defendant Alphabet: 5:21-cv-09388 ("*Detroit*"), ECF No. 1, and 5:21-cv-09389 ("*Bucks County*"), ECF No. 1. On December 8, 2021, the Court consolidated these two cases and appointed the law firm of Scott+Scott Attorneys at Law LLP as Co-Lead Plaintiffs' Lead Counsel. *Detroit* ECF No. 27, 28. On January 14, 2022, Plaintiffs filed a Consolidated Amended Complaint, which asserted claims for (1) breach of fiduciary duty, (2) unjust enrichment, and (3) corporate waste. *Detroit* ECF No. 32. Each of those claims relates to alleged anticompetitive business practices and decisions and seeks to hold Alphabet's leadership responsible for allegedly exposing the Company to government investigations and lawsuits, as well as other related civil litigation. The Consolidated Amended Complaint alleges that Plaintiffs have standing to bring the shareholder derivative claims because a demand on Alphabet's board would have been futile. *Id.*

Alphabet is incorporated in the State of Delaware, and its law governs Plaintiffs' standing to assert this lawsuit in the Company's name. Defendants believe demand was not futile and, as a result, Plaintiffs lack derivative standing to assert any claims on Alphabet's behalf. In addition, Defendants deny all of Plaintiffs' allegations, which Defendants believe fail to state a claim.

## 5. LEGAL ISSUES

The principal legal issues in dispute in this action include:

a.  Whether Plaintiffs have standing to bring a derivative action on behalf of Alphabet and/or whether Plaintiffs have adequately alleged demand futility;

b.  Whether Plaintiffs have adequately alleged a claim for breach of fiduciary duties;

c.  Whether Plaintiffs have adequately alleged a claim for unjust enrichment;

d.  Whether Plaintiffs have adequately alleged a claim for waste of corporate assets;

e.  Whether the Individual Defendants have damaged the Company and, if so, the proper measure of such damages; and

f.  Whether Defendants are entitled to judgment in their favor on Plaintiffs' claims in whole or in part based upon any affirmative defenses they may assert.

## 6.  RELIEF

Plaintiffs seek a judgment against all of the Individual Defendants and in favor of Alphabet granting monetary, injunctive, and equitable relief.  Plaintiffs seek: (1) a judgment against the Individual Defendants and in favor of Alphabet for the amount of damages sustained by the Company or which will be sustained as a result of the Individual Defendants' alleged violations of law, along with pre- and post-judgment interest as allowed by law; (2) a judgment against the Individual Defendants and in favor of Alphabet for restitution and disgorgement of all profits, benefits, and other compensation obtained by the Individual Defendants; (3) injunctive relief directing Alphabet to take all necessary actions to reform and improve the Company's corporate governance practices and internal control systems to comply with applicable laws and to protect Alphabet and its shareholders from a repeat of the misconduct alleged in the complaints; (4) extraordinary equitable and/or injunctive relief as permitted by law, equity, and state statutory provisions, including attaching, impounding, imposing a constructive trust on, or otherwise restricting the proceeds of the Individual Defendants' trading activities, or their other assets; (5) reasonable attorneys' fees, accountants' fees, consultants' fees, experts' fees, and expenses; and (6) other and further relief that this Court may deem just and proper.

Defendants do not believe Plaintiffs are entitled to any relief and will seek their legal fees, costs, and other expenses, to the extent permitted by applicable law.

## 7.  DISCOVERY

Under the applicable Delaware law, discovery is stayed until Plaintiffs establish they have derivative standing to assert claims on Alphabet's behalf.  *See Beam v. Stewart*, 845 A.2d 1040, 1056 (Del. 2004) ("derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility"); *In re Openwave Sys. S'holder Deriv. Litig.*, 503 F. Supp. 2d 1341, 1353 (N.D. Cal. 2007)

(staying discovery "until such time as plaintiffs are able to meet the requirements of Rule 23.1"). As a result, no formal discovery has taken place.

On April 28, 2021, and July 12, 2022, Defendants produced certain corporate books and records to Plaintiffs in response to a demand pursuant to Section 220 of the Delaware General Corporation Law. Further, to assist Plaintiffs in evaluating their claims and in connection with the Parties' mediation, on May 31, 2022, Defendants also produced to Plaintiffs a number of documents related to Plaintiffs' claims. In connection with ongoing mediation, Defendants have produced additional documents related to the underlying antitrust suits on June 9, 2023, and November 1, 2024. The Parties agreed that these documents have been produced solely for the purposes of mediation.

In light of the discovery stay, the Parties believe it is premature to propose a discovery schedule at this time.

The Parties do not anticipate the need to modify any of the discovery limitations provided by the Federal Rules of Civil Procedure. The Parties agree to work together in an effort to enter into a stipulated e-discovery order that will adequately address the review and production of electronically stored information.

## 8. RELATED CASES

This case is related to *AMI - Government Employees Provident Fund Management Co. v. Alphabet Inc.*, No. 4:23-cv-01186-YGR (N.D. Cal. Mar. 16, 2023), a putative class action lawsuit also pending before the Hon. Rita Lin. The Court granted a motion to dismiss on September 3, 2024. ECF No. 86. Plaintiffs filed an amended complaint on September 24, 2024, ECF No. 87, and Defendants moved to dismiss on November 8, 2024. ECF No. 93. The motion to dismiss will be fully briefed on January 21, 2025.

As noted above in Section 4, the Consolidated Amended Complaint alleges that Alphabet's Board is responsible for exposing the Company to enforcement actions by the Department of Justice and states' attorneys general, as well as related litigation by private plaintiffs—referred to as the Search, Play, and AdTech cases. Those enforcement actions and litigation are ongoing:

- The **Search Cases**[1] were tried before Hon. Amit P. Mehta in late 2023, focused on liability only. Judge Mehta issued an opinion on August 5, 2024, entering judgment for Plaintiffs as to two antitrust claims and for Google as to one antitrust claim. *U.S. v. Google LLC*, Case No. 1:20-cv-03010-APM, ECF No. 1033 at 276 (D.D.C. Aug. 5, 2024). Google intends to appeal this order. Meanwhile, discovery as to the parties' remedies submissions is ongoing, with an evidentiary hearing scheduled for April 22, 2025.

- Among the **Play Cases**,[2] *Epic Games Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD (N.D. Cal. Aug. 13, 2020), was tried to a jury before Hon. James Donato in November and December 2023, and trial was concluded on December 11, 2023. The court issued a permanent injunction against Google on October 7, 2024. *Id.* at ECF No. 702. Google filed a notice of appeal to the Ninth Circuit on October 10, 2024. ECF No. 703. The appeal will be fully briefed by January 17, 2025 and oral argument is scheduled for February 3, 2025. *Epic Games, Inc. v. Google LLC*, Case No. 24-6274, ECF No. 2 (2d Cir. Oct. 16, 2024). The parties in *In re Google Play Developer Antitrust Litigation* have reached a settlement which received final court approval. *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD, ECF No. 903 (N.D. Cal. Sept. 8, 2023). In *State of Utah et al. v. Google LLC et al.* and in *In re Google Play Consumer Antitrust Litigation*, on April 17, 2024, Defendants filed supplemental briefing in response to a court order directing the parties to address certain issues relating to the proposed settlement agreement. *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF No. 549 (N.D. Cal. July 7, 2021). The Court held a status conference on November 14, 2024, and ordered the parties to file a joint statement, by January 13, 2025, on whether

---

[1] *U.S. v. Google LLC*, Case No. 1:20-cv-03010-APM (D.D.C. 2020) and *Colorado v. Google LLC*, Case No. 1:20-cv-03715-APM (D.D.C. 2020).

[2] *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD (N.D. Cal. Feb. 5, 2021), *Epic Games Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD (N.D. Cal. 2020), *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD (N.D. Cal. 2020), *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD (N.D. Cal. 2021), and *Match Group, LLC v. Google LLC*, Case No. 3:22-cv-02746-JD (N.D. Cal. 2022).

the provisions of the settlement are consistent with the injunction the Court issued in *Epic v. Google*. Preliminary approval of that settlement remains pending.

- The **AdTech Cases** are separately moving forward: In *United States v. Google LLC*, Case No. 23-cv-00108 (E.D. Va. Jan. 24, 2023), the court held a bench trial in September 2024, with closing arguments held on November 25, 2024. In *Texas v. Google LLC*, Case No. 4:20-cv-00957-SDJ (E.D. Tex. Dec. 16, 2020), Google moved for summary judgment on November 18, 2024, and trial is scheduled to begin on March 31, 2025. ECF Nos. 194, 674. In New York, in *In re Google Digital Advertising Antitrust Litigation*, Case No. 1:21-md-03010-PKC, ECF No. 551 (S.D.N.Y. May 16, 2023), several plaintiffs voluntarily dismissed their claims. ECF Nos. 849, 857, 883. For the remaining parties, discovery is ongoing with expert discovery scheduled to conclude on February 28, 2025. ECF No. 880.

9. **PROCEDURAL HISTORY**

a. *Motions to File Under Seal:* Plaintiffs filed motions seeking to seal portions of the complaint filed in each case on December 3, 2021. *Detroit* ECF No. 3; *Bucks County* ECF No. 3. This Court granted those motions on December 8, 2021. *Detroit* ECF No. 26; *Bucks* ECF No. 28. On January 14 and 25, 2022, Plaintiffs filed motions seeking to seal portions of the Amended Consolidated Complaint. *Detroit* ECF No. 33, 35. Alphabet filed joinders to those motions on January 21 and 31, 2022. *Detroit* ECF No. 34, 36. This Court granted the sealing motions on February 11, 2022. *Detroit* ECF No. 37. Pursuant to this Court's direction to counsel on January 19, 2023, the Parties submitted a motion to seal a Joint Status Report on February 16, 2023. *Detroit* ECF No. 47. On March 29, 2023, this Court granted in part and denied in part that motion, ordered the Parties to submit a Joint Case Management Conference Statement, and ordered a Case Management Conference on April 20, 2023. *Detroit* ECF No. 48. At that conference, the Court ordered a further Case Management Conference to be held on October 19, 2023 (later continued to November 2, 2023). *Detroit* ECF No. 58, 66. The Parties filed a joint motion to seal in advance of that conference, which the Court denied. *Detroit* ECF No. 67.

b. *Pro Hac Vice Motions:*  Motions to appear *pro hac vice* have been filed and granted by the Court for each attorney currently planning to appear before this Court who was not already admitted.

c. *Motion to Consolidate and Appoint Co-Lead Plaintiffs and Lead Counsel:*  The Parties filed stipulations proposing to (1) consolidate the *Detroit* and *Bucks County* actions and (2) appoint lead counsel.  *Detroit* ECF No. 14, 15; *Bucks County* ECF No. 14.  This Court granted the stipulations on December 8, 2022.  *Detroit* ECF No. 27, 28; *Bucks County* ECF No. 22.

d. *Motion to Stay:*  On April 15, 2022, the Parties filed a stipulation proposing a stay of this action in light of various pending antitrust suits against Alphabet, which have been made part of *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010-PKC (S.D.N.Y. 2021). *Detroit* ECF No. 41.  This Court granted the stipulation that same day.  *Detroit* ECF No. 42. On October 19, 2022, January 9, 2023, August 15, 2023, and October 23, 2023, the Parties agreed to extend the stay as permitted under this Court's stay order in light of the ongoing proceedings in the underlying antitrust litigation.  The Court ordered extensions of the stay on December 26, 2023, and June 12, 2024.  *Detroit* ECF Nos. 72, 74.

e. *Motion to Relate Cases*:  On April 13, 2023, the Court granted Defendants' Unopposed Administrative Motion to Relate Cases, relating a putative securities class action, *AMI - Government Employees Provident Fund Management Co. v. Alphabet Inc.*, No. 4:23-cv-01186-YGR (N.D. Cal. Mar. 16, 2023), to this case.  *Detroit* ECF No. 56.

f. *Settlement and ADR:* Since the consolidated complaint in this action was filed, the Parties have engaged in extensive ADR proceedings. The Parties have used as mediators Hon. Layn R. Phillips (Ret.), formerly the Chief Judge of the United States District Court for the Western District of Oklahoma, and his colleague John Kiernan, formerly a partner at Debevoise & Plimpton.  The parties have had several in-person mediation sessions, including client representatives, most recently in September 2024.  Apart from the formal sessions, the parties have held many one-on-one discussions and engaged in specific negotiations on particular features of a potential settlement.  The Parties believe that they have made meaningful progress. The terms of any settlement necessarily would be subject to approval by the Alphabet Board of

Directors.

## 10. DEADLINES

There are no pending deadlines.  Pending settlement negotiations, the Parties believe that continuation of the stay is appropriate.  Nevertheless, to avoid undue delay, the Parties propose that, if no settlement has been reached by March 5, 2025, Plaintiffs will file an amended complaint on that date.  The Parties will then confer regarding a briefing schedule on a motion to dismiss to propose to the Court.

## 11. MODIFICATION OF DEADLINES

Because there are no pending deadlines, the Parties do not seek any modifications.

## 12. CONSENT TO MAGISTRATE

At this time, the Parties do not consent to have a magistrate judge conduct trial.

## 13. EMERGENCY

There does not exist an immediate need for a case management conference to be scheduled in this action.

Dated: December 12, 2024

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

By: *s/ Jing-Li Yu*
    Patrick Coughlin (CA Bar No. 111070)
    Carmen Medici (CA Bar No. 248417)
    Maxwell Huffman (CA Bar No. 264687)
    Alex M. Outwater (CA Bar No. 259062)
    600 W. Broadway, Suite 3300
    San Diego, CA 92101
    Telephone: (619) 233-4565
    pcoughlin@scott-scott.com
    cmedici@scott-scott.com
    mhuffman@scott-scott.com
    aoutwater@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Geoffrey M. Johnson (*pro hac vice*)
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
gjohnson@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Donald A. Broggi (*pro hac vice*)
Jing-Li Yu (CA Bar No. 342985)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 233-6444
dbroggi@scott-scott.com
jyu@scott-scott.com

*Attorneys for Plaintiff Bucks County Employees'
Retirement System and Plaintiff Police and Fire
Retirement System for the City of Detroit*

**BONI, ZACK & SNYDER, LLC**
Michael J. Boni
Joshua D. Snyder (*pro hac vice*)
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone: (610) 888-6032
mboni@bonizack.com
jsnyder@bonizack.com

*Additional Attorneys for Plaintiff Bucks County
Employees' Retirement System*

Dated: December 12, 2024            **FRESHFIELDS US LLP**

By:  *s/ Boris Feldman*
    Boris Feldman (CA Bar No. 128838)
    Doru Gavril (CA Bar No. 282309)
    Rebecca Lockert (CA Bar No. 348810)
    855 Main Street
    Redwood City, CA 94063
    Telephone: (650) 618-9252
    boris.feldman@freshfields.com
    doru.gavril@freshfields.com
    rebecca.lockert@freshfields.com

    *Attorneys for Defendants Larry Page, Sergey Brin,
    John L. Hennessy, L. John Doerr, K. Ram Shriram,
    Ann Mather, Alan R. Mulally, Roger W. Ferguson, Jr.,
    Robin L. Washington, Frances H. Arnold, Sundar
    Pichai, Eric E. Schmidt, and Nominal Defendant
    Alphabet, Inc.*

1

**CERTIFICATION**

2      I, Jing-Li Yu, am the ECF user whose ID and password are being used to file this **JOINT CASE**

3  **MANAGEMENT CONFERENCE STATEMENT**.  In compliance with Civil Local Rule 5-1(h)(3),

4  I hereby attest that all signatories concurred in this filing.

5  Dated: December 12, 2024                                      By: *s/ Jing-Li Yu*
                                                                        Jing-Li Yu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28