# EXHIBIT 1

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
PATRICK COUGHLIN (CA Bar No. 111070)
MAXWELL R. HUFFMAN (CA Bar No. 264687)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
pcoughlin@scott-scott.com
mhuffman@scott-scott.com

*Lead Attorneys for Co-Lead Plaintiffs*

[Additional Counsel on Signature Page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ALPHABET, INC., SHAREHOLDER DERIVATIVE LITIGATION | Consolidated Case No.: 3:21-cv-09388-RFL |
| | **JOINT STIPULATION AND AGREEMENT OF SETTLEMENT** |
| | Judge:     Rita F. Lin |

## STIPULATION AND AGREEMENT OF SETTLEMENT

Subject to the approval of the United States District Court for the Northern District of California ("**Court**"), this Stipulation and Agreement of Settlement ("**Stipulation**") is made and entered into by and among the following Settling Parties (as defined herein),[1] each by and through his, her, or its respective counsel: (1) Police and Fire Retirement System of the City of Detroit and Bucks County Employees' Retirement System (collectively, the "**Settling Stockholders**"); (2) Nominal Defendant Alphabet Inc. ("**Alphabet**" or the "**Company**"); and (3) Larry Page, Sergey Brin, John L. Hennessy, L. John Doerr, K. Ram Shriram, Ann Mather, Allan R. Mulally, Roger W. Ferguson, Jr., Robin L. Washington, Frances H. Arnold, Sundar Pichai, and Eric E. Schmidt (collectively, the "**Individual Defendants**" and, together with Alphabet, "**Defendants**"). Settling Stockholders and Defendants are collectively referred to as the "**Parties**" or "**Settling Parties**."

This Stipulation and resulting Settlement are intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, release, and settle the Released Claims (as defined herein), upon the terms and subject to the conditions set forth herein.

## I. DEFINITIONS

As used in this Stipulation, in addition to the capitalized terms defined above, the following terms have the meanings specified below:

(a) "**Board**" means Alphabet's Board of Directors.

(b) "**Co-Lead Plaintiffs**" means Plaintiff Police and Fire Retirement System of the City of Detroit and Plaintiff Bucks County Employees' Retirement System.

(c) "**Current Alphabet Stockholders**" means any Person who owned Alphabet common stock as of the date of the execution of this Stipulation (which shall be defined by the date of the last signature on the Stipulation) and who continues to hold such Alphabet common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, the current officers and directors of Alphabet, members of their immediate families, and their legal

---

[1] All capitalized terms not otherwise defined elsewhere in this Stipulation shall have the meanings ascribed in the "Definitions" section below.

representatives, heirs, successors, or assigns, and any entity in which the Individual Defendants have or had a controlling interest.

(d)    "**Defendants**" means Individual Defendants Larry Page, Sergey Brin, John L. Hennessy, L. John Doerr, K. Ram Shriram, Ann Mather, Alan R. Mulally, Roger W. Ferguson, Jr., Robin L. Washington, Frances H. Arnold, Sundar Pichai, and Eric E. Schmidt, and Nominal Defendant Alphabet Inc.

(e)    "**Effective Date**" means the date by which all of the events and conditions specified in Paragraph 6.1 herein have been met and have occurred.

(f)    "**Fee and Expense Award**" means any fee and expense award issued by the Court.

(g)    "**Final**" means the time when a Judgment that has not been reversed, vacated, or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process (including potential writ proceedings) or because of passage, without action, of time for seeking appellate or writ review.  More specifically, it is that situation when (i) no appeal or petition for review by writ has been filed and the time has passed for any notice of appeal or writ petition to be timely filed from the Judgment; or (ii) if an appeal has been filed, the Court of Appeals has either affirmed the Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (iii) a higher court has granted further appellate review and that court has either affirmed the underlying Judgment or affirmed the Court of Appeals' decision affirming the Judgment or dismissing the appeal or writ proceeding, and the time for any reconsideration or further appellate review has passed.  For purposes of this paragraph, an "appeal" shall not include any appeal challenging the award of the Fee & Expense Award or any Service Award.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any Fee & Expense Award or any Service Award, shall not in any way delay or preclude the Judgment from becoming Final.  Any reference to the "Finality" of the Settlement shall incorporate the definition of Final in this paragraph.

(h)    "**Judgment**" means the final order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

(i)  "**Litigation**" means *In re Alphabet, Inc., Shareholder Derivative Litigation*, Case No. 3:21-cv-09388-RFL (N.D. Cal.).

(j)  "**Notice**" means the Notice of Pendency and Proposed Settlement of Derivative Actions, substantially in the form of Exhibit B attached hereto.

(k)  "**Person**" or "**Persons**" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, or any business or legal entity, and each of their spouses, heirs, predecessors, successors, representatives, or assignees.

(l)  "**Plaintiffs' Lead Counsel**" means Scott+Scott Attorneys at Law LLP.

(m)  "**Preliminary Approval Order**" means the order to be entered by the Court, substantially in the form of Exhibit A attached hereto, including, *inter alia*, preliminarily approving the terms and conditions of the Settlement, directing that Notice be provided to Current Alphabet Stockholders, and scheduling a Settlement Hearing to consider whether the Settlement and the Fee & Expense Award for Plaintiffs' Lead Counsel should be finally approved and whether the Judgment should be entered.

(n)  "**Related Persons**" means each of a Person's immediate family members and current, former, or future parents, subsidiaries, associates, affiliates, partners, joint venturers, officers, directors, principals, stockholders, members, agents, representatives, employees (including, but not limited to, employees of Alphabet and Google LLC ("**Google**")), attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers, reinsurers, spouses, heirs, assigns, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors, advisors, and/or any other individual or entity in which a Person has or had a controlling interest or which is or was related to or affiliated with a Person.

(o)  "**Released Claims**" means, collectively, the Released Defendant Claims and the Released Stockholder Claims.

(p)  "**Released Defendant Claims**" means any and all claims, rights, demands,

obligations, controversies, debts, damages, losses, causes of action, and liabilities of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, that Defendants have or could have asserted against the Released Stockholder Persons or their counsel, arising out of the institution, prosecution, or settlement of the claims asserted against Defendants in the Litigation that Defendants (i) asserted in the Litigation, or (ii) could have asserted in the Litigation, or in any other forum that arise out of, relate to, or are based upon, any of the allegations, transactions, facts, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, alleged or referred to in any of the complaints filed in the Litigation; provided, however, that the Released Defendant Claims shall not include (i) any claims relating to the enforcement of the Settlement or this Stipulation, (ii) any claims by Defendants relating to insurance coverage or the right to indemnification, or (iii) any claims that arise out of or are based upon any conduct of the Released Stockholder Persons after the Effective Date.

(q)     "**Released Defendant Persons**" means, collectively, each and all of Individual Defendants, Alphabet, and each and all of the Related Persons of each of the Individual Defendants and Alphabet.

(r)     "**Released Persons**" means, collectively, the Released Defendant Persons and the Released Stockholder Persons.  "**Released Person**" means, individually, any of the Released Persons.

(s)     "**Released Stockholder Claims**" means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, actions, causes of action, sums of money due, judgments, suits, amounts, matters, issues, liabilities, and charges of any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), and claims for relief of every nature and description whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation,

whether foreign or domestic, that Alphabet, the Settling Stockholders derivatively on behalf of Alphabet, or any Alphabet stockholder derivatively on behalf of Alphabet (i) asserted in any of the complaints filed in the Litigation, or (ii) could have asserted in any court, tribunal, forum, or proceeding, under the laws of any jurisdiction, arising out of, relating to, or based upon the facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to in any of the complaints filed in the Litigation, regardless of the jurisdiction in which such facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances were or could have been alleged or where such facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances had impact; provided, however, that the Released Stockholder Claims shall not include (i) the class claims asserted in the pending stockholder class action captioned *AMI - Government Employees Provident Fund Management Company Ltd. v. Alphabet Inc.*, 3:23-cv-01186-RFL (N.D. Cal.), (ii) any claims relating to the enforcement of the Settlement or this Stipulation, or (iii) any claims that arise out of or are based upon any conduct of the Released Defendant Persons after the Effective Date.

(t)     "**Released Stockholder Persons**" means each and all of the Settling Stockholders and each and all of their Related Persons.

(u)     "**Service Award**" means any service award issued to Lead Plaintiffs.

(v)     "**Settlement**" means the settlement documented in this Stipulation and its Exhibits A-D.

(w)     "**Settlement Consideration**" means the consideration provided to Alphabet through the Settlement as set forth in Paragraphs 1.1, 1.2, 1.3, and 1.4 of Section V below.

(x)     "**Settlement Hearing**" means a hearing to be held by the Court upon duly given notice to review this Stipulation and its exhibits, as well as the application for the Fee and Expense Award as defined in Paragraph 4.2 below, and determine whether the Settlement should be finally approved, whether the Fee and Expense Award for Plaintiffs' Lead Counsel should be finally

approved, and whether the Judgment should be entered.

(y)    "**Settling Stockholders' Counsel**" refers collectively to Scott+Scott Attorneys at Law LLP.

(z)    "**Summary Notice**" means the Summary Notice of Pendency and Proposed Settlement of Derivative Actions, substantially in the form of Exhibit C attached hereto.

(aa)    "**Unknown Claims**" means any and all Released Claims that any of the Settling Parties or any Alphabet stockholder does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, including claims which, if known by him, her, or it, might have affected his, her, or its decision to settle or the terms of his, her, or its settlement with and releases provided to the other Settling Parties, or might have affected his, her, or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and, with respect to Released Stockholder Claims that could have been asserted derivatively on behalf of the Company, all other Alphabet stockholders by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Settling Parties and each Alphabet stockholder may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without

malice, or a breach of any duty, law or rule, but the Settling Parties and each Alphabet stockholder shall expressly, fully, finally and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Alphabet stockholders shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## II.    PROCEDURAL BACKGROUND

### A.    The Federal Litigation

On December 3, 2021, Plaintiff Police and Fire Retirement System of the City of Detroit filed a shareholder derivative action in the United States District Court for the Northern District of California, San Jose Division, against Defendants (*Police and Fire Retirement System of the City of Detroit v. Page*, Case No. 5:21-cv-09388).  The same day, Plaintiff Bucks County Employees' Retirement System separately filed a shareholder derivative action in the same court against Defendants (*Bucks County Employees' Retirement System v. Page*, Case No. 5:21-cv-09389).  Prior to filing suit, Plaintiff Police and Fire Retirement System of the City of Detroit and Plaintiff Bucks County Employees' Retirement System propounded shareholder inspection demands on Alphabet and had received productions of books and records from Alphabet.  Relevant portions of those productions were included in Plaintiff Police and Fire Retirement System of the City of Detroit's and Plaintiff Bucks County Employees' Retirement System's complaints, which were filed under seal.

On December 6, 2021, Plaintiff Police and Fire Retirement System of the City of Detroit and Plaintiff Bucks County Employees' Retirement System filed a joint stipulation and proposed order with the Court to consolidate the *Police and Fire Retirement System of the City of Detroit* and *Bucks County Employees' Retirement System* actions, appoint themselves as co-lead plaintiffs, and appoint Scott+Scott Attorneys at Law LLP as lead counsel.  On December 8, 2021, the Court ordered that the *Police and Fire Retirement System of the City of Detroit* and *Bucks County Employees' Retirement System* actions be consolidated, appointed Plaintiff Police and Fire

Retirement System of the City of Detroit and Plaintiff Bucks County Employees' Retirement System as Co-Lead Plaintiffs, and appointed Scott+Scott Attorneys at Law LLP as Plaintiffs' Lead Counsel.  On December 16, 2021, the Court ordered a joint stipulation directing Co-Lead Plaintiffs to file a consolidated complaint.

On January 14, 2022, Co-Lead Plaintiffs filed a consolidated complaint in the Litigation asserting five claims:  (1) breach of fiduciary duty against the Individual Defendants in their capacity as directors; (2) breach of fiduciary duty against Defendants Brin, Page, Schmidt, and Pichai in their capacity as officers; (3) breach of fiduciary duty against Defendants Brin, Page, and Schmidt in their capacity as controlling shareholders; (4) unjust enrichment; and (5) corporate waste (*In re Alphabet, Inc. Shareholder Derivative Litigation*, Case No. 3:21-cv-09388-RFL, ECF No. 32, the "**Consolidated Complaint**").

On April 15, 2022, the Settling Parties filed a stipulation and proposed order to temporarily stay the Litigation for six months, extendable by agreement of the Settling Parties, pending developments in the antitrust lawsuits underlying the allegations in the Consolidated Complaint. The Court granted the stay later on April 15, 2022.  By agreement of the Settling Parties, the stay was extended to January 15, 2023.  At the Court's direction, the Settling Parties filed a Joint Status Report under seal on February 16, 2023.

The Court then held a Case Management Conference on April 20, 2023, at which the Court continued the stay and ordered a further Case Management Conference set for October 19, 2023. Following a joint stipulation by the Settling Parties, the Court continued the Case Management Conference to November 2, 2023.  On November 2, 2023, the Court ordered a further Case Management Conference on February 15, 2024.

On November 27, 2023, the Litigation was reassigned to the Honorable Judge Rita F. Lin in the San Francisco Division.  The Court vacated all case management conference dates. Pursuant to orders by the Court, the Settling Parties submitted Joint Case Management Statements on December 11, 2023, June 12, 2024, and December 12, 2024, each providing the Court an update on the underlying antitrust litigations involving Alphabet.  The Court ordered continuations of the stay in the Litigation on December 26, 2023, June 12, 2024, and December

13, 2024. On March 5, 2025, the Settling Parties filed a Stipulation and Proposed Order to continue the stay until April 17, 2025, which the Court ordered on March 6, 2025. On April 17, 2025, the Settling Parties filed a Stipulation and Proposed Order to continue the stay until May 30, 2025, which the Court ordered on the same day.

**B.    The State Action**

On June 16, 2022, Plaintiff Jamie Komen Revocable Trust filed a shareholder derivative lawsuit in Superior Court of the State of California, County of Santa Clara (*Jamie Komen Revocable Trust v. Page*, Case No. 22CV399340, the "**State Action**" in the "**State Court**") against the Individual Defendants, Does 1–25, and Alphabet. The State Action brought claims for: (1) breach of fiduciary duty; (2) unjust enrichment; and (3) indemnification and contribution. On June 21, 2022, the State Court deemed the State Action a complex action and ordered a stay of discovery and responsive pleadings. The State Court set the initial Case Management Conference for October 27, 2022. Pursuant to stipulations by the parties to the State Action on October 13, 2022, January 19, 2023, May 4, 2023, November 6, 2023, December 8, 2023, March 18, 2024, April 12, 2024, June 20, 2024, September 6, 2024, December 3, 2024, January 31, 2025, and March 27, 2025, the State Court continued the initial Case Management Conference in the State Action pending further developments in the underlying antitrust litigations involving Alphabet. On March 28, 2025, the State Court continued the initial Case Management Conference to June 12, 2025.

**C.    The Mediations and Extensive Settlement Negotiations**

Prior to filing the *Police and Fire Retirement System of the City of Detroit* and *Bucks County Employees' Retirement System* actions, Plaintiffs' Lead Counsel reviewed internal documents produced by Alphabet in response to Co-Lead Plaintiffs' shareholder inspection demands. These documents included, among other things, (1) non-privileged Board materials relating to antitrust investigations or litigations involving Alphabet and the U.S. Department of Justice, Office of the Attorney General of Texas, Office of the Attorney General of Colorado, or U.S. House Committee on the Judiciary; (2) non-privileged Board materials produced to the foregoing government entities in connection with any investigations of Alphabet for allegations

of anticompetitive conduct; and (3) non-privileged Board materials relating to any U.S. civil litigation by nongovernmental litigants concerning antitrust or anticompetitive conduct allegations. On May 31, 2022, Alphabet further produced to Co-Lead Plaintiffs documents that were produced by Google to the Texas Attorney General in connection with that office's investigation of Google's business practices, consisting of 133,000 documents totaling 1,117,604 pages. These documents were produced to Co-Lead Plaintiffs under mediation privilege to assist in the evaluation of their claims and the mediation process. On June 9, 2023, Alphabet produced transcripts of depositions and associated exhibits in certain underlying antitrust lawsuits to Co-Lead Plaintiffs for use in the ongoing mediation process. On November 1, 2024, Alphabet further produced 52,818 pages of trial exhibits from the antitrust lawsuits underlying the allegations in the Consolidated Complaint.

The Settling Parties have engaged in multiple in-person mediations under the guidance of the Honorable Layn R. Phillips (Ret.), formerly the Chief Judge of the United States District Court for the Western District of Oklahoma. The first full-day mediation session occurred in-person on December 15, 2022, and included participation by Plaintiffs' Lead Counsel, Defendants' Counsel, and a representative from Alphabet. The Settling Parties and a representative from Alphabet participated in a second full-day in-person mediation on February 7, 2024. The Settling Parties and a representative from Alphabet participated in a third full-day in-person mediation on September 27, 2024, at which the Settling Parties engaged in further discussions of the merits of Co-Lead Plaintiffs' claims and the Settling Parties' proposals for corporate reforms.

Throughout and following the in-person mediations, Judge Phillips continued to facilitate discussions between the Settling Parties, the merits of Co-Lead Plaintiffs' claims, and the potential for settlement. Following extensive negotiations through Judge Phillips, the Settling Parties requested the issuance of a mediator's proposal concerning the amount of the proposed compliance spending commitment on February 28, 2025, which the Settling Parties accepted, subject to approvals, on March 5, 2025. The accepted mediator's proposal included all substantive terms of the settlement, including the corporate reforms and compliance spending commitment by Alphabet. Following agreement on these terms, and with the assistance of Judge Phillips, the

Settling Parties agreed to the terms set out in Section V.1, which set out all substantive terms of the proposed settlement on March 13, 2025.

After agreeing to all substantive terms of the proposed settlement, Judge Phillips facilitated negotiations between the Settling Parties concerning the amount of any Fee and Expense Award.  The Settling Parties requested a mediator's proposal concerning any Fee and Expense Award on March 25, 2025, which the Settling Parties accepted on March 31, 2025. Following acceptance of the mediator's proposal, the Settling Parties executed the Memorandum of Understanding ("**MOU**") on April 9, 2025.

The Settling Parties have now reached a definitive agreement to settle the Litigation, upon the terms and subject to the conditions set forth in this Stipulation.  The Board has also approved the terms and conditions in the MOU and this Settlement and determined that the Settlement is in the best interests of the Company and its stockholders.

## III.    STOCKHOLDERS' CLAIMS AND THE BENEFITS OF SETTLEMENT

As discussed above, Settling Stockholders' Counsel have reviewed and analyzed voluminous confidential, non-public internal documents.  In addition, Settling Stockholders' Counsel have reviewed and analyzed data from many other sources specific to this matter, including, but not limited to:   (1) Alphabet's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (2) securities analyst, business, and financial media reports about Alphabet; (3) internal Alphabet documents produced pursuant to mediation privilege; (4) deposition transcripts and exhibits and trial exhibits in the underlying antitrust lawsuits produced pursuant to mediation privilege; and (5) trial transcripts from trials and publicly released trial exhibits or presentations in the underlying antitrust lawsuits. Certain Settling Stockholders' Counsel have also (1) researched the applicable law with respect to the claims asserted (or which could be asserted) in the stockholder derivative actions and the potential defenses thereto; (2) researched, drafted, and filed complaints or sent litigation and/or inspection demands; (3) consulted with experts retained on numerous matters relevant to the pending litigation and settlement issues; (4) prepared detailed mediation statements; (5) reviewed documents and information provided in advance of the mediation sessions and during settlement

negotiations; (6) participated in multiple in-person mediations; and (7) engaged in months-long settlement discussions with Defendants' counsel.

Settling Stockholders' Counsel believe that the claims asserted in the Litigation have merit and that their investigation of the evidence supports the claims asserted. Without conceding the merit of any of the Defendants' defenses, and in light of the benefits of the Settlement as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trial(s) and appeal(s), Settling Stockholders and Settling Stockholders' Counsel have concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Settling Stockholders and Settling Stockholders' Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial(s) and through possible appeal(s). Settling Stockholders' Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Litigation, the difficulties and delays inherent in such litigation, the cost to Alphabet—on behalf of which Settling Stockholders filed the Litigation—and distraction to management of Alphabet that would result from extended litigation. Based on their evaluation, and in light of what Settling Stockholders' Counsel believe to be the significant benefits conferred upon Alphabet as a result of the Settlement, Settling Stockholders and Settling Stockholders' Counsel have determined that the Settlement is in the best interests of Settling Stockholders and Alphabet and have agreed to settle the Litigation upon the terms and subject to the conditions set forth herein.

## IV.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each Individual Defendant has denied and continues to deny that he or she has committed or attempted to commit any violations of law, any breaches of fiduciary duty owed to Alphabet, or any wrongdoing whatsoever, and expressly maintains, that at all relevant times, he or she acted in good faith and in a manner that he or she reasonably believed to be in the best interests of Alphabet and its stockholders. Defendants further deny that the Settling Stockholders, Alphabet, or its stockholders suffered any damage or were harmed as a result of any act, omission, or conduct

by the Individual Defendants as alleged in the Litigation or otherwise. Defendants further assert, among other things, that the Settling Stockholders lack standing to litigate derivatively on behalf of Alphabet because the Settling Stockholders have not yet pleaded, and cannot properly plead, that a demand on the Board would be futile.

Alphabet, nonetheless, believes that the Settlement is in the best interests of the Company, its stockholders, and its employees. Defendants are, therefore, entering into this Settlement for its benefits and to eliminate the uncertainty, distraction, disruption, burden, risk, and expense of further litigation. Pursuant to the terms set forth below, neither this Stipulation (including the exhibits) nor the Fee Agreement shall in any event be construed as, or deemed to be evidence of, an admission or concession by the Individual Defendants with respect to any claim of fault, liability, wrongdoing, or damage or any defect in the defenses that Individual Defendants have, or could have, asserted. Each Individual Defendant has further asserted, and continues to assert, that at all material times, the Individual Defendant acted in good faith and in a manner that she or he reasonably believed to be in the best interests of Alphabet and its stockholders.

## V.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Settling Stockholders (for themselves and derivatively on behalf of Alphabet), the Individual Defendants, and Alphabet, each by and through their respective attorneys of record, that in exchange for the consideration set forth below and the benefits flowing to the Settling Parties from the Settlement, and subject to the approval of the Court, the Litigation and the Released Claims shall be fully, finally, and forever compromised, settled, discharged, relinquished, and released, and the Litigation shall be dismissed with prejudice as to all Defendants and claims, with full preclusive effect, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as set forth below.

### Settlement Consideration

1.1    In consideration of the Settlement and the releases provided therein, and subject to the terms and conditions of this Stipulation, the Settling Parties have agreed to the following Settlement Consideration for Alphabet.

1.2    <u>Background:</u>

a.      No later than twelve (12) months after Final Approval of the Settlement, the Company will take or maintain certain enhancements, memorialized herein, to support and supplement existing compliance functions within Google LLC and Google LLC subsidiaries.

b.      Unless noted otherwise, the provisions in this section will be in effect for a period of no less than four (4) years after Final Approval of the Settlement.

1.3    <u>Regulatory Readiness Compliance Enhancements:</u>

a.      The Company will ensure that its compliance function includes compliance specialists and advisors from the Company's Global Affairs unit (or successors thereto) responsible for evaluating and addressing new or changing areas of principle compliance risk to the Company, in key risk domains, including Competition.

b.      The Company will ensure that its compliance function is designed to employ a risk-based, cross-company, global, compliance strategy that analyzes current compliance measures and works to ensure that the Company's products and services minimize regulatory risk.

c.      The Company will ensure that its compliance function includes individuals with the suitable professional qualifications, knowledge, experience, resources, and ability necessary to fulfill the tasks required within the compliance function, including evaluation and design of compliance measures with and for relevant Product Areas ("**PAs**") and other relevant Google functions as necessary and appropriate, and providing a continuing advisory and oversight role, including updates to regulatory compliance governance forums, the Trust & Compliance Council ("**TCC**") and Trust & Compliance Steering Committee ("**TCSC**") outlined in section 1.5 below, as necessary and appropriate based on risk-assessments.

d.      The Company will ensure that, as necessary and appropriate, its compliance function collaborates closely with product and business teams in each of the Company's applicable PAs, including in the form of support by engineers, product

managers, and other staff in the PAs for relevant compliance enhancement projects.

e. As part of the regulatory compliance lifecycle, the Company will ensure that its compliance function, in conducting its work with respect to evaluating and addressing new or changing areas of principle compliance risk, includes or consults, as necessary and appropriate, with teams across the Company responsible for:

i. Legal Advising. Providing advice on legal requirements and legal risk analysis, reporting, and oversight; translating obligations into legal requirements that will be utilized for compliance design; advising on proposed compliance designs and implementation of enhancements, as well as on other details of the function such as compliance program standards, templates, and frameworks.

ii. Risk, Frameworks, & Standards. Defining and maintaining the Enterprise Risk Framework and top-line key risk indicators; maintaining control inventory and reviewing proposed controls and control changes, establishing metrics and performance targets to monitor the effectiveness and impact of programs; executing training programs across the Company, and defining and providing guidance based on best practices and risk assessments.

iii. Compliance Program Management. Centralizing regulatory obligation efforts; identifying regulatory obligations to inform compliance strategies; prioritizing actions based on impact and effort; and defining consistent and scalable playbooks for regulatory project activation and support.

iv. Compliance Policy. Overseeing and drafting compliance policies and processes with key stakeholder teams and advising PAs on compliance requirements.

v. Governance Operations. Maintaining charters and managing meetings for compliance governance forums, including the TCC and TCSC, operating compliance governance processes, and maintaining top-level performance metrics for the Compliance Function.

vi.      Assurance.  Monitoring and testing controls, reporting on control documentation, efficacy, performance, metrics, monitoring, and advisory of remediation activities.

f.      The Company will ensure that its compliance function is designed to apply a risk-based framework for evaluating and addressing new or changing areas of principle compliance risk, drawing on industry best practices and guidance that outlines the criteria and methodology to be used when designing and/or evaluating compliance programs and related processes and systems.  This framework will take into consideration the U.S. Department of Justice's guidance for evaluating the effectiveness of a compliance program (as currently in effect at the time of the Settlement), as well as other applicable global regulatory guidance.  This framework will include, as applicable and appropriate, consideration, review, and/or evaluation of the following compliance program components:

i.      Risk Assessment.  Processes and programs to identify the types of misconduct (as well as the gravity of associated risks) most likely to occur in connection with its business.  Such assessments will, if appropriate, include a nomenclature of categorizing risks in high, moderate, and low categories.

ii.      Policies & Training.  Policies articulating Company rules, guidelines, and compliance expectations to relevant personnel; periodically assess and revise policies, procedures, codes of conduct, and training methods to ensure their efficacy in promoting a culture of compliance.

iii.      Commitments & Contracts.  Review and revise (as needed) the processes and methodologies associated with oversight of Google's third-party contracting processes.

iv.      Processes & Controls.  Processes to (1) facilitate compliance with laws, regulations, rules, and policies, and (2) reduce the risk of noncompliance or other outcomes that could harm the Company's business.  Controls to (1) document compliance requirements, and (2) facilitate risk identification,

prevention, and remediation.  Controls may include:

1.      Preventative controls, which are designed to present or lessen the chance of noncompliance before it occurs, e.g., use of encryption to prevent unauthorized access to user data;

2.      Detective controls, which are designed to identify noncompliance after it occurs, such as when a preventive control fails; and

3.      Remedial controls, which are designed to mitigate and reduce the effects of noncompliance after it occurs, as well as reduce the likelihood that noncompliance would re-occur.

v.      Systems for Checking & Reporting Non-Compliance. Internal monitoring/auditing systems to detect instances of noncompliance within the corporation; tools to facilitate compliance with laws, regulations, rules, and policies, including anonymous reporting of non-compliance (e.g., a "hotline" phone number or email address made available to both internal and external parties).

vi.      Internal Complaints & Appeals.  Mechanisms to process internal complaints in a timely and transparent manner.

vii.      Third-Party Management.  Evaluate the risk profile of third parties with which the Company has engaged or is considering engaging; conduct due diligence on potential merger partners or acquisition targets and ensure that if/when an entity is acquired or merged, it is integrated into the Company's compliance program.

viii.      Reporting & Transparency vis-à-vis External Stakeholders. Processes to ensure that regulators, customers, and/or competitors are provided with applicable complete and accurate compliance reporting.  This entails, among other things, processes for (1) tracking regulatory requests, (2) compiling and reviewing information slated for disclosure, and (3) obtaining internal approvals for regulatory reporting and disclosures.

ix.      The Company will ensure that documentation to show the

implementation of this Settlement will be maintained in central repositories.

x.     The Company will ensure that its compliance function assists in providing centralized oversight, monitoring, and reporting through each phase of the Company's compliance process, including design, implementation, and assurance.

xi.     The Company will ensure that its compliance function not only seeks to minimize regulatory risk, but also to promote transparency, increase auditory efficacy, and demonstrate its commitment to building (and maintaining) user trust.

xii.     The Company may title the responsibilities and compliance program components described in this section as appropriate, so long as such responsibilities and compliance program components continue to address the substantive areas described in this section.

1.4    <u>Board Oversight Enhancements:</u>

a.     In connection with this Settlement, the Board shall amend the current charter of the Audit & Compliance Committee ("**ACC**") to remove the provisions of the charter relating to oversight of certain regulatory and compliance matters and to rename the ACC to be the Audit Committee.  The Board shall also create a new Risk and Compliance Committee ("**RCC**") of the Board.  The RCC, and ultimately the Board, will have responsibility for oversight of the various regulatory and compliance matters set forth in the preceding sections of this Agreement.  Among other things, the RCC shall receive periodic updates on principal risks and compliance enhancement measures, as set out in the RCC's charter.

b.     No later than eighteen (18) months after Final Approval of the Settlement the RCC will receive an update on the status of the implementation of this section.  The RCC may, in the exercise of its business judgment, require further periodic updates on the implementation of this section.

1.5  Management Oversight Enhancements:

    a.    The Company will maintain a Trust & Compliance Council ("**TCC**") to assist the RCC to oversee and monitor the Company's compliance with regard to Google LLC (including its subsidiaries), by providing a forum to discuss specific high-impact Trust and Compliance initiatives, to provide recommendations as needed related to prioritization risks and associated resource allocation, and to discuss areas of risk identified as high or critical. The TCC shall include multiple Senior Vice Presidents who report directly to the Company's CEO, and who meet (at a minimum) quarterly.

    b.    The Company will maintain a Trust & Compliance Steering Committee ("**TCSC**") to support the TCC by providing a forum for cross-functional alignment on significant compliance. initiatives and by providing direction on recommendations and escalations to the TCC. The TCSC shall include Vice Presidents across functions and PAs and shall meet (at a minimum) six times annually.

    c.    Nothing in this section shall prevent other individuals from reporting to the RCC on matters suitable for the RCC's attention, as set out in the RCC's charter.

    d.    The Company may title the committees described in this section as appropriate, so long as such responsibilities continue as described in this section.

1.6  Spending Commitment:

    a.    To provide funding for its cross-company global compliance initiatives, Alphabet shall cause to be spent at least $500 million over the course of up to ten (10) years following the Effective Date of the Settlement on its global compliance efforts.

1.7  Google Chat Communications Policy:

    a.    The Company will maintain policy, process, and/or technical capabilities reasonably designed to achieve the following with respect to Google-owned messages using its corporate instance of Google Chat (hereinafter "**Google Chat**"):

    i.    The technical ability to override individual conversation

retention settings (currently known as "history on" or "history off" settings) for Google Chat when an employee on legal hold is a member of that conversation.

        ii.      When an employee is put on a legal hold, all ordinary course retention policies for Google Chat will be suspended and Google-owned messages will be preserved from the date of the issuance of the hold, for the duration of the hold.

        iii.      The original, edited, and/or deleted line of text for employees who are subject to a legal hold will be all automatically preserved from the time of the issuance of the hold.

    1.8    If any of the terms of the Settlement Consideration set forth in Paragraphs 1.1 through 1.4 above should conflict with any applicable law(s), rule(s) or regulation(s) (including of any national securities exchange or interdealer quotation system or relating to employee representatives), the Company will comply with such applicable law(s), rule(s) or regulation(s), notwithstanding any provision herein.

    1.9    Following the Effective Date of the Settlement, should the Board make a good faith determination, based on the exercise of its fiduciary duties, that any term of the Settlement Consideration set forth in Paragraphs 1.1 through 1.4 above is contrary to the best interests of the Company, the Board may modify such provision (a "**Modification**") in the following manner:

        a.      The Board, after informed consideration of the Modification, shall document the reasons for the Modification and shall approve the Modification.

        b.      The Board will be advised by outside counsel in considering the Modification.

        c.      The Board will adopt a reasonably narrowly tailored Modification that it determines to be consistent with the Company's best interests and with the purposes of this Settlement.

        d.      Before the Modification takes effect, the Company shall provide notice to counsel for the Stockholders of the Modification as approved by the Board and

shall postpone implementation of the Modification for at least 30 days following such disclosure.

e.      As part of the Settlement, the Individual Defendants represent that the Board is not presently aware of any information that would require such a Modification.

**2.      Procedure for Implementing the Settlement**

2.1      Following the last party's execution of this Stipulation, Plaintiffs' Lead Counsel shall submit the Stipulation together with its exhibits to the Court and file a motion for preliminary approval of settlement, requesting, *inter alia*:  (i) preliminary approval of the Settlement and entry of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto; (ii) approval of the form, content, and method of providing notice to Alphabet stockholders and approval of the forms of Notice and Summary Notice attached as Exhibits B and C hereto; and (iii) a date for the Settlement Hearing.

2.2      Within fourteen (14) calendar days of the Court's entry of the Preliminary Approval Order, Alphabet shall:  (i) file a Form 8-K with the SEC which shall include the Notice as an attachment, (ii) cause the Summary Notice to be published through *Investor's Business Daily*, and (iii) post the Notice and Stipulation on the Company's investor relations website until the Judgment becomes Final.  Alphabet shall cause to be paid all costs of such notice.  Plaintiffs' Lead Counsel will also post the Notice (Exhibit B) on their firm's website.  At least seven (7) calendar days prior to the Settlement Hearing, Alphabet's counsel shall file with the Court an appropriate affidavit or declaration with respect to filing of the Form 8-K, publication of the Summary Notice, and posting of the Notice and Stipulation; and Plaintiffs' Lead Counsel shall file with the Court an appropriate affidavit or declaration with respect to the posting of the Notice.

2.3      The Settling Parties believe the content and manner of the Notice, as set forth in the prior paragraph, constitutes adequate and reasonable notice to Current Alphabet Stockholders pursuant to applicable law and due process.

2.4      The Settling Parties agree to request that the Court hold a hearing in the Litigation sixty (60) days after Notice is given, at which time the Court will consider and determine whether the Judgment, substantially in the form of Exhibit D hereto, should be entered:

(i) approving the terms of the Settlement as fair, reasonable, and adequate; (ii) dismissing with prejudice the Litigation pursuant to the terms of this Stipulation against Defendants; and (iii) ruling upon Plaintiffs' Lead Counsel's application for a Fee and Expense Award.

2.5    Pending the Effective Date, the Settling Parties agree that all proceedings and discovery in the Litigation shall be stayed (except as otherwise provided herein and the proceedings necessary to effectuate the consummation and final approval of the Settlement) and not to initiate any other proceedings other than those related to the Settlement itself.  The Settling Parties shall not file, prosecute, instigate, or in any way participate in the commencement or prosecution of any of the Released Claims.

**3.    Dismissal of the Litigation**

3.1    Within fifteen (15) days after the Court grants final approval of the Settlement, the Settling Stockholders shall take, or cause to be taken, all actions, and to do, or cause to be done, all things necessary, proper, and appropriate to secure dismissal with prejudice of the Litigation in its entirety as to all parties, and shall provide reasonable documentary assistance to Defendants as requested to assist Defendants' efforts to obtain dismissal of any stockholder derivative actions not listed above as part of the Litigation that may be filed in any state or federal court asserting claims that are related to the subject matter of the Litigation.  In the interim, the Settling Parties shall cooperate to, at a minimum, secure a postponement of any response deadline, hearing or trial date(s) in the Litigation while this Settlement is under consideration by the Court.

**4.    Fee and Expense Award**

4.1    Defendants agree that the Settlement confers substantial benefits on Alphabet and its stockholders, including, but not limited to, by way of the Settlement Consideration set forth herein.  Defendants also agree that Settling Stockholders' Counsel are entitled to awards of reasonable attorneys' fees and expenses for their roles in creating such benefits of the Settlement, as well as Service Award to certain of the Stockholders.

4.2    In light of benefits produced for Alphabet by the Settling Stockholders and the Settling Stockholders' Counsel in connection with the Settlement and the Litigation and

Demands leading up to it, Plaintiffs' Lead Counsel intend to seek approval of a Fee and Expense Award from the Court in the amount of $80 million. The Fee and Expense Award is separate from and in addition to the $500 million spend amount. The Fee and Expense Award, which includes litigation expenses and the Service Awards to the Co-Lead Plaintiffs, was negotiated with the assistance of and was the result of a mediator's recommendation made by the mediator, the Hon. Layn R. Phillips (Ret.). Alphabet and the Individual Defendants agree not to oppose the requested Fee and Expense Award so long as it does not exceed $80 million. Alphabet agrees that, to the extent available, it will cause insurance proceeds from the Defendants' insurers to pay for the Fee and Expense Award in excess of any applicable self-insured retention.

4.3     The amount of any Fee and Expense Award in the Litigation shall be subject to approval by the Court. Any changes by any court to the negotiated amount of the Fee and Expense Award will not otherwise affect the Finality of the Settlement. Alphabet agrees that, to the extent available, it will cause insurance proceeds from the Defendants' insurers to pay for the Fee and Expense Award in excess of any applicable self-insured retention.

4.4     Any Fee and Expense Award awarded by the Court shall be paid into a joint-signature escrow account maintained by Plaintiffs' Lead Counsel within thirty (30) calendar days of the entry of an order by the Court granting final approval of the Settlement and Court approval of the Fee and Expense Award, notwithstanding the existence of any collateral attacks on the Settlement, including, without limitation, any objections or appeals.

4.5     The Fee and Expense Award is subject to the Settling Stockholders' Counsel's obligations to make appropriate refunds or repayments into their respective escrow accounts, plus interest earned thereon at the same net rate as earned by the escrow account, if and when as a result of any appeal and/or further proceedings on remand, or successful collateral attack, approval of the Settlement is denied or overturned or the Fee and Expense Award is reduced or reversed and such order denying or overturning the Settlement or reducing or reversing the Fee and Expense Award becomes Final. In such event, each of the Settling Stockholders' Counsel who received any portion of such Fee and Expense Award shall, within thirty (30) business days from the event which requires repayment of that Fee and Expense Award, refund

to the appropriate escrow account such portion of the Fee and Expense Award paid to or received by each of them, along with interest, as described above, after which, within seven (7) days, such amounts shall be repaid to Alphabet and/or the Defendants' insurers.

4.6     Plaintiffs' Lead Counsel may apply to the Court for Service Award in an amount to be negotiated for each of the Lead Plaintiffs in the Litigation, to be paid upon Court approval, in recognition of their participation and efforts in the creation of the benefits of the Settlement.  The Service Award, if approved by the Court, shall be paid to the Co-Lead Plaintiffs out of the joint-signature escrow account maintained by Plaintiffs' Lead Counsel.  Alphabet and the Individual Defendants shall not be separately liable for any portions of any Service Award.

4.7     Except as otherwise provided herein or except as provided pursuant to indemnification or insurance rights, each of the Settling Parties shall bear his, her, or its own costs, expenses, and attorneys' fees.

4.8     The Court's decision granting, in whole or in part, the application by Plaintiffs' Lead Counsel for a Fee and Expense Award and Service Award is not a condition of the Stipulation or to entry of the Judgment.  The request by Settling Stockholders' Counsel for a Fee and Expense Award and for Service Award is to be considered by the Court separately from the Court's consideration of the question whether the Settlement is fair, reasonable, adequate, and in the best interests of Alphabet and its stockholders.  Any orders or proceedings relating to any request for a Fee and Expense Award or Service Award, or any appeal from any order or proceedings relating thereto, shall not affect the validity or Finality of the Settlement, operate to terminate or cancel the Stipulation, and/or affect or delay either the Effective Date or the Finality of the Judgment approving the Settlement.

**5.      Releases**

5.1     Upon the Effective Date, the Settling Stockholders (acting on their own behalf and, in some cases, derivatively on behalf of Alphabet), Alphabet, and any Person acting derivatively on behalf of Alphabet shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged and dismissed with prejudice the Released Stockholder Claims (including Unknown Claims) against the Released

Defendant Persons, regardless of the jurisdiction in which such claims were or could have been alleged or where the claims had impact.

5.2    Upon the Effective Date, the Settling Stockholders (acting on their own behalf and, in some cases, derivatively on behalf of Alphabet), Alphabet, and any Person acting derivatively on behalf of Alphabet, shall be forever barred and enjoined from asserting, commencing, instituting, or prosecuting any of the Released Stockholder Claims against any Released Defendant Persons, regardless of the jurisdiction in which such claims were or could have been alleged or where the claims had impact.

5.3    Upon the Effective Date, each of the Individual Defendants and Alphabet shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendant Claims (including Unknown Claims) against the Released Stockholder Persons, and shall be forever barred and enjoined from asserting any Released Defendant Claims against any Released Stockholder Persons.

5.4    Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

**6.    Conditions of Settlement**

6.1    The Effective Date of the Settlement shall be the date on which all of the following events have occurred:

a.    approval of the Settlement at or after the Settlement Hearing following notice to Current Alphabet Stockholders as set forth in Paragraph 2.2;

b.    entry of the Judgment, in all material respects in the form set forth as Exhibit D annexed hereto, approving the Settlement without awarding costs to any party, except as provided herein, dismissing with prejudice the Action pursuant to the terms of this Stipulation, and releasing the Released Persons from the Released Claims;

c.    the passing of the date upon which the Judgment becomes Final;

d.    dismissal with prejudice of the other State Action; and

e.    the passing of the dates upon which the dismissal orders become Final.

6.2    If any of the conditions specified above in Paragraph 6.1 is not met, then the Stipulation shall be cancelled and terminated, unless all of the Settling Parties agree in writing to proceed with the Stipulation.  If for any reason the Effective Date of this Stipulation does not occur, or if this Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms:  (i) all Settling Parties and Released Persons shall be restored to their respective positions prior to execution of this Stipulation; (ii) all releases delivered in connection with the Stipulation shall be null and void, except as otherwise provided for in the Stipulation; (iii) the Fee and Expense Award and Service Award shall not be paid or, if already paid, shall be refunded in accordance with Paragraph 4.5; and (iv) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any of the Settling Parties of any act, matter, or proposition, and shall not be used or referred to in any manner for any purpose (other than to enforce the terms remaining in effect) in any subsequent proceeding in the Settled Matters or in any other action or proceeding.  In such event, the terms and provisions of this Stipulation (other than those set forth in Section I(a)-(aa), and Paragraphs 6.2, 7.7, and 7.9) shall have no further force and effect with respect to the Settling Parties and shall not be used in the Settled Matters or in any other proceeding for any purpose.

6.3    No court order, modification, or reversal on appeal of any court order concerning any Fee and Expense Award, Service Award, and interest awarded by a court to Settling Stockholders' Counsel shall constitute grounds for cancellation or termination of the Stipulation, affect the enforceability of the Stipulation, or delay or preclude the Judgment from becoming Final.

**7.    Miscellaneous Provisions**

7.1    The Settling Parties (i) acknowledge that it is their intent to consummate the Settlement; and (ii) agree to act in good faith and cooperate to take all reasonable and necessary steps to expeditiously implement the terms and conditions of the Settlement set forth in this Stipulation.

7.2    The Settling Parties intend this Settlement to be a final and complete

resolution of all disputes between them arising out of, based upon, or related to the Litigation and the Released Claims. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation, or defense. The Settling Parties and their respective undersigned counsel agree that at all times during the course of the litigation, each has complied with the requirements of the applicable laws and rules of the Court. The Settling Parties agree that the Released Claims are being settled voluntarily after consultation with experienced mediators and competent legal counsel who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

7.3     The Settling Parties agree that the terms of the Settlement were negotiated in good faith by the Settling Parties. The Settling Parties will request that the Judgment contain a finding that during the course of the Litigation, the Settling Parties and their respective undersigned counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar rules of professional conduct. The Settling Parties reserve their right to rebut, in a manner that the parties determine to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

7.4     In the event that any other disputes arise, prior to the time that Judgment is entered by the Court, that are related to the terms of this Stipulation, any of its exhibits, or the Settlement more generally, or the presentation of the Settlement to the Court for approval, such disputes will be resolved by Judge Phillips, first by way of mediation, and, if unsuccessful, then by way of final, binding, non-appealable arbitration.

7.5     Each of the Individual Defendants expressly denies and continues to deny all allegations of wrongdoing or liability against himself or herself arising out of or relating to any conduct, statements, acts, or omissions alleged, or which could have been alleged, in the Litigation. Each of the Individual Defendants reserves the right to rebut any and all allegations of breach of fiduciary duty, wrongdoing, or liability, whatsoever, against himself or herself or that any valid claim has been asserted against any of them.

7.6     The Settling Parties in the Litigation agree to take such measures as may be

needed to secure dismissals with prejudice of any remaining litigations pending in other jurisdictions. With respect to any action other than the Litigation that is currently pending or is later filed in any state, federal, or other court in any jurisdiction asserting any Released Stockholder Claims prior to final Court approval of the Settlement, including, but not limited to, the State Action, the Settling Stockholders shall provide supporting documentation as is reasonably requested by Defendants in order to obtain the dismissal, stay, or withdrawal of such related litigation, including where appropriate joining in any motion to dismiss or stay such litigation.

7.7    Neither the Stipulation (including any exhibits attached hereto), nor any Fee Agreement, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, any Fee Agreement, or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Settling Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Settling Parties or of the validity of any Released Claims; or (ii) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation, nor the Settlement, nor any Fee Agreement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, any Fee Agreement, or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement or any Fee Agreement, and except that the Released Persons may file the Stipulation, any Fee Agreement and/or the Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.8    Settling Stockholders' Counsel will return within sixty (60) days of the Effective Date all documents and other materials they received in connection with the Litigation (including, but not limited to, documents Alphabet produced in connection with the mediation,

and all documents and materials produced pursuant to Section 220 of the Delaware General Corporation Law and all documents and materials produced pursuant to mediation privilege) (collectively "**Discovery Material**"), or destroy all such Discovery Material and certify to that fact; provided, however that Settling Stockholders' Counsel shall be entitled to retain all filings, court papers, interview and hearing transcripts, and attorney-work product containing or reflecting Discovery Material, subject to the requirement that Settling Stockholders' Counsel shall not disclose any information contained or referenced in the Discovery Material to any person except, following reasonable advance notice to Alphabet, pursuant to a validly issued subpoena not subject to a motion to quash, court order, or agreement with Alphabet.

       7.9    All designations and agreements made and orders entered during the course of the Litigation relating to the confidentiality of documents or information shall survive this Settlement. Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint defense privilege, or work product protection.

       7.10   The Stipulation and the exhibits attached hereto, as well as any Fee Agreement, constitute the entire agreement among the Settling Parties with respect to the Settlement, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters. The Settling Parties expressly acknowledge that, in entering into this Stipulation, they are not relying upon any statements, representations, or warranties by any Settling Party except as expressly set forth herein. The Settling Stockholders and Alphabet agree that they intend to confer on all Released Defendant Persons the benefit of all releases and other protections set forth in Paragraphs 5.1-5.2 above. Defendants agree that they intend to confer on all Released Stockholder Persons the benefit of all releases and other protections set forth in Paragraph 5.3 above. The Settling Parties agree that each of the Released Persons who is not a Settling Party is an express third-party beneficiary of those releases and other protections, and is entitled to enforce the terms of those releases and other protections to the same extent that such Released Persons who are not Settling Parties could enforce such terms if they were party to the Stipulation. All provisions in the Stipulation providing

that nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation are agreed to mean additionally that nothing herein shall in any way impair or restrict the rights of any Released Person who is not a Settling Party to enforce the terms of the Stipulation.

7.11    This Stipulation supersedes and replaces any prior or contemporaneous writing, statement, or understanding pertaining to the Litigation, and no parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Settling Parties or their counsel, or the circumstances under which the Stipulation was made or executed.

7.12    It is understood by the Settling Parties that except for matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than, or different from, the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of facts or law turning out to be different and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

7.13    The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by reference.

7.14    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

7.15    Except as otherwise provided in Paragraph 1.6, the Stipulation may be amended or modified only by a written instrument signed by or on behalf of all the Settling Parties or their respective successors-in-interest.

7.16    This Stipulation shall be deemed drafted equally by all parties hereto.

7.17    The Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the Settling Parties and the Released Persons and their respective successors, assigns, heirs, spouses, marital communities, executors, administrators, trustees in bankruptcy, and legal representatives.

7.18    The Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California,

and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of California without giving effect to that State's choice-of-law principles.

7.19    No representations, warranties, or inducements have been made to any of the Settling Parties concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

7.20    Settling Stockholders represent and warrant that they have not assigned or transferred or attempted to assign or transfer, to any Person any Released Claim or any portion thereof or interest therein.

7.21    Any failure by any party to this Stipulation to insist upon the strict performance by any other party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by such other party.

7.22    In the event that any portion of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of the Settlement shall remain intact.

7.23    In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibits hereto, the terms of this Stipulation shall prevail.

7.24    Each counsel or other Person executing the Stipulation or its exhibits on behalf of any of the Settling Parties hereby warrants that such Person has the full authority to do so.

7.25    The Stipulation may be executed in one or more counterparts, each of which so executed shall be deemed to be an original and such counterparts together constitute one and the same Stipulation.  The Settling Parties agree that signatures submitted through facsimile or by e-mailing .PDF files or signed using DocuSign shall constitute original and valid signatures.  A complete set of executed counterparts shall be filed with the Court.

7.26    The Court shall retain jurisdiction with respect to the interpretation,

implementation, and enforcement of the terms of this Stipulation, and the Settling Parties and their undersigned counsel submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

7.27    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys.

[SIGNATURE PAGES FOLLOW]

Dated: May 30, 2025

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

By: _____

Patrick Coughlin (CA Bar No. 111070)
Maxwell Huffman (CA Bar No. 264687)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
pcoughlin@scott-scott.com
mhuffman@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

Geoffrey M. Johnson (*pro hac vice*)
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
gjohnson@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

Donald A. Broggi (*pro hac vice*)
Jing-Li Yu (CA Bar No. 342985)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 233-6444
dbroggi@scott-scott.com
jyu@scott-scott.com

*Attorneys for Plaintiff Bucks County Employees'*
*Retirement System and Plaintiff Police and Fire*
*Retirement System of the City of Detroit*

**BONI, ZACK & SNYDER, LLC**

Michael J. Boni
Joshua D. Snyder (*pro hac vice*)
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone: (610) 888-6032
mboni@bonizack.com
jsnyder@bonizack.com

*Additional Attorneys for Plaintiff Bucks County*
*Employees' Retirement System*

STIPULATION AND AGREEMENT OF SETTLEMENT

Dated: May 30, 2025

FRESHFIELDS US LLP

By: _____

Boris Feldman (CA Bar No. 128838)
Doru Gavril (CA Bar No. 282309)
Rebecca Lockert (CA Bar No. 348810)
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
boris.feldman@freshfields.com
doru.gavril@freshfields.com
rebecca.lockert@freshfields.com

*Attorneys for Defendants Larry Page, Sergey Brin, John L. Hennessy, L. John Doerr, K. Ram Shriram, Ann Mather, Alan R. Mulally, Roger W. Ferguson, Jr., Robin L. Washington, Frances H. Arnold, Sundar Pichai, Eric E. Schmidt, and Nominal Defendant Alphabet Inc.*

# EXHIBIT A

Exhibit A

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
PATRICK COUGHLIN (CA Bar No. 111070)
MAXWELL R. HUFFMAN (CA Bar No. 264687)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
pcoughlin@scott-scott.com
mhuffman@scott-scott.com

*Lead Attorneys for Co-Lead Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ALPHABET, INC., SHAREHOLDER DERIVATIVE LITIGATION | Consolidated Case No.: 3:21-cv-09388-RFL<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>Judge:   Rita F. Lin |

WHEREAS, a stockholder derivative litigation is pending in this Court entitled *In re Alphabet Inc., Shareholder Derivative Litigation*, Consolidated Case No. 3:21-cv-09388-RFL ("**Action**");

WHEREAS, (1) Police and Fire Retirement System of the City of Detroit and Bucks County Employees' Retirement System (collectively, the "**Co-Lead Plaintiffs**"); (2) Nominal Defendant Alphabet Inc. ("**Alphabet**" or the "**Company**"); and (3) Larry Page, Sergey Brin, John L. Hennessy, L. John Doerr, K. Ram Shriram, Ann Mather, Allan R. Mulally, Roger W. Ferguson, Jr., Robin L. Washington, Frances H. Arnold, Sundar Pichai, and Eric E. Schmidt (collectively, the "**Individual Defendants**" and, together with Alphabet, "**Defendants**," and, together with the Co-Lead Plaintiffs, the "**Settling Parties**") have entered into a Stipulation and Agreement of Settlement on May 30, 2025 ("**Stipulation**"), which provides for a complete dismissal with prejudice of the claims asserted in the Action and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court ("**Settlement**");

WHEREAS, in accordance with the Stipulation, the Co-Lead Plaintiffs have made an application for entry of an order preliminarily approving the Settlement and entry of this Preliminary Approval Order; approving the form, content, and method of providing notice of the Settlement to Alphabet stockholders; and scheduling the date and time for the Settlement Hearing, as defined herein;

WHEREAS, the Court conducted a hearing on _____, 2025 ("**Preliminary Approval Hearing**") to consider, among other things, (a) whether the terms and conditions of the Settlement are within the range of reasonableness that ultimately could be granted final approval by the Court, and should therefore be preliminarily approved; (b) whether the form, content, and method of providing notice of the Settlement to Alphabet stockholders should be approved; and (c) whether a Settlement Hearing should be scheduled; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Definitions:** Unless otherwise defined in this Order, the capitalized terms used herein shall have the same meanings as they have in the Stipulation.

2.     **Preliminary Approval of the Settlement:** The Court finds the Settlement to be within the range of reasonableness that ultimately could be granted final approval by the Court, and hereby preliminarily approves the Settlement subject to further consideration at the Settlement Hearing to be conducted as described below.

3.     **Settlement Hearing:** The Court will hold a settlement fairness hearing ("**Settlement Hearing**") on _____, 2025, at __:__ _.m., at the San Francisco Courthouse, Courtroom 15, 18th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, to consider whether the Judgment, substantially in the form of Exhibit D to the Stipulation, should be entered: (a) approving the terms of the Settlement as fair, reasonable, and adequate and in the best interests of Alphabet and Alphabet's stockholders; (b) dismissing with prejudice the Action pursuant to the terms of this Stipulation; (c) ruling upon Plaintiffs' Lead Counsel's application for a Fee and Expense Award; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Alphabet stockholders as set forth in Paragraph 5 of this Order.

4.     The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Settling Parties may agree to without further notice to Alphabet stockholders. The Court may also extend any of the deadlines set forth in this Order without further notice to Alphabet stockholders.

5.     **Manner of Providing Notice:** Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)     Within fourteen (14) calendar days after the date of entry of this Order, Alphabet shall: (i) file a Form 8-K with the SEC which shall include the Notice as an attachment, (ii) cause the Summary Notice to be published through *Investor's Business Daily*, and (iii) post the Notice and Stipulation on the Company's investor relations website until the Judgment becomes Final.  Alphabet shall cause to be paid all costs of such notice.

(b)     Plaintiffs' Lead Counsel will also post the Notice and Stipulation on their firm's website.

(c)    At least seven (7) calendar days prior to the Settlement Hearing, Alphabet's counsel shall file with the Court an appropriate affidavit or declaration with respect to filing of the Form 8-K, publication of the Summary Notice, and posting of the Notice and Stipulation; and Plaintiffs' Co-Lead Counsel shall file with the Court an appropriate affidavit or declaration with respect to the posting of the Notice.

6.    **Approval of Form and Content of Notice:** The Court: (a) approves, as to form and content, the Notice, attached as Exhibit B to the Stipulation, and the Summary Notice, attached as Exhibit C to the Stipulation, and (b) finds that method of providing notice of the Settlement and the Settlement Hearing set forth in Paragraph 5 of this Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Alphabet stockholders of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of the applications for Fee and Expense Awards for Plaintiffs' Lead Counsel, of their right to object to the Settlement and/or the applications for such Fee and Expense Awards, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of the United States Constitution (including the Due Process Clause) and all other applicable law and rules.

7.    **Appearance and Objections at Settlement Hearing:** Any Alphabet stockholder who held Alphabet stock as of October 20, 2020 and continues to hold such shares of Alphabet common stock as of the date of the Settlement Hearing may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of the Court and delivering a notice of appearance to Plaintiffs' Lead Counsel and to Boris Feldman of Freshfields US LLP ("**Defendants' Counsel**") at the addresses set forth in Paragraph 8 below, such that it is received no later than ten (10) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any current Alphabet stockholder who does not enter an appearance will be represented by Plaintiffs' Lead Counsel and shall be deemed to have waived and forfeited any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing.

8.    Any Alphabet stockholder who held Alphabet stock as of October 20, 2020 and continues to hold such shares as of the date of the Settlement Hearing may file a written objection to

the proposed Settlement and/or the Plaintiffs' Lead Counsel's application for a Fee and Expense Award, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement and/or the applications for such Fee and Expense Award should not be approved. All Persons desiring to object are directed to file a written objection with the Clerk of the Court and serve (by hand, first-class mail, or express service) copies of such objection on Plaintiffs' Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than ten (10) calendar days prior to the Settlement Hearing.

**Plaintiffs' Lead Counsel**:

Patrick Coughlin

**Scott+Scott Attorneys at Law LLP**

600 W. Broadway

Suite 3300

San Diego, CA 92101

**Defendants' Counsel**:

Boris Feldman

**Freshfields US LLP**

855 Main Street

Redwood City, California 94063

9.      Any objections, filings, and other submissions: (a) must state the name, address, and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) must be signed by the objector; (c) must contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (d) must include documentation sufficient to prove that the objector owned shares of Alphabet common stock as of October 20, 2020 and contain a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing. Documentation establishing ownership of Alphabet common stock must consist of copies of monthly brokerage account statements, or an authorized statement from the objector's broker containing the information found in an account statement.

10.     Any current Alphabet stockholder may also appear and object at the Settlement Hearing with or without having submitted a written objection.

11.    Unless the Court orders otherwise, any Person who does not make his, her, or its objection in the manner provided herein shall: (a) be deemed to have waived and forfeited his, her, or its right to object to any aspect of the proposed Settlement or application by Plaintiffs' Lead Counsel for a Fee and Expense Award; (b) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the Fee and Expense Award to Settling Stockholder's Counsel requested and/or approved by the Court; and (c) be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters concerning the Settlement, or such requested and/or approved Fee and Expense Award and/or Service Awards.

12.    **Stay and Temporary Injunction**: Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins the Co-Lead Plaintiffs from asserting, commencing, instituting, or prosecuting any of the Released Stockholder Claims against any of the Released Defendant Persons.

13.    **Notice Costs**: All costs of publishing and posting notice of the Settlement (with the exception of the costs of posting notice to Plaintiffs' Lead Counsel's firm websites, which will be borne by Plaintiffs' Lead Counsel) shall be paid by Alphabet, regardless of whether the Court finally approves the Settlement, and in no event shall the Co-Lead Plaintiffs or their counsel be responsible for any such notice costs.

14.    **Termination of Settlement**: If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Co-Lead Plaintiffs, all other Alphabet shareholders, and Defendants, and all Settling Parties and Released Persons shall be restored to their respective positions prior to execution of the Stipulation, as provided in the Stipulation.

15.    **Use of this Order:** Neither the Stipulation (including any exhibits attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered,

or used or referred to in any way by the Settling Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Settling Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. **Supporting Papers:** Opening papers in support of the proposed Settlement and the Plaintiffs' Lead Counsel's application for a Fee and Expense Award shall be filed no later than twenty-eight (28) calendar days prior to the Settlement Hearing; any objections thereto shall be filed no later than ten (10) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed no later than seven (7) calendar days prior to the Settlement Hearing. The Settling Parties shall be permitted to file reply papers regardless of whether they filed opening papers in support of the proposed Settlement.

17. **Retention of Jurisdiction:** The Court retains jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Stipulation, and the Settling Parties and their undersigned counsel submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

IT IS SO ORDERED.

DATED: _____          _____
                                                  THE HONORABLE RITA F. LIN
                                                  UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

# EXHIBIT B

1

**Exhibit B**

2

UNITED STATES DISTRICT COURT

3

NORTHERN DISTRICT OF CALIFORNIA

4

SAN FRANCISCO DIVISION

5

IN RE ALPHABET, INC., SHAREHOLDER
DERIVATIVE LITIGATION

Consolidated
Case No.: 3:21-cv-09388-RFL

6

7

8

Judge:    Rita F. Lin

9

10

11

12

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF
### DERIVATIVE ACTION

13

14

***The United States District Court for the Northern District of
California, San Francisco Division, authorized this Notice.
This is not a solicitation from a lawyer.***

15

16

TO:    ALL PERSONS AND ENTITIES WHO HELD ALPHABET INC. COMMON STOCK
AS OF THE CLOSE OF TRADING ON _____, 2025

17

18

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY**. This Notice
relates to a proposed settlement ("**Settlement**") of the following derivative action: *In re Alphabet Inc.*,
*Shareholder Derivative Litigation*, Consolidated Case No. 3:21-cv-09388-RFL (the "**Action**"). Your
rights will be affected by the proposed Settlement.

19

20

All capitalized terms used in this Notice that are not otherwise defined herein have the
meanings provided in the Stipulation and Agreement of Settlement entered into on May 30, 2025
("**Stipulation**"), by and among (1) Police and Fire Retirement System of the City of Detroit and Bucks
County Employees' Retirement System (collectively, the "**Co-Lead Plaintiffs**"); (2) Nominal
Defendant Alphabet Inc. ("**Alphabet**" or the "**Company**"); and (3) Larry Page, Sergey Brin, John L.
Hennessy, L. John Doerr, K. Ram Shriram, Ann Mather, Allan R. Mulally, Roger W. Ferguson, Jr.,
Robin L. Washington, Frances H. Arnold, Sundar Pichai, and Eric E. Schmidt (collectively, the
"**Individual Defendants**" and, together with Alphabet, "**Defendants**," and, together with the Co-Lead
Plaintiffs, the "**Settling Parties**").

21

22

23

24

25

26

**THIS NOTICE PROVIDES ONLY A SUMMARY OF THE MATERIAL TERMS OF
THE SETTLEMENT AND RELEASES**. You can obtain more information by reviewing the

27

28

Stipulation, which is available on Plaintiffs' Lead Counsel's website at [   ], and on Alphabet's investor relations website at https://abc.xyz/investor/.

Because the Settlement involves the resolution of a derivative action, which was brought on behalf of and for the benefit of the Company, the benefits from the Settlement will go to Alphabet. Individual Alphabet stockholders will not receive any direct payment from the Settlement. **ACCORDINGLY**, **THERE IS NO PROOF OF CLAIM FORM FOR STOCKHOLDERS TO SUBMIT IN CONNECTION WITH THIS SETTLEMENT.**

## WHAT IS THE PURPOSE OF THIS NOTICE?

1.     The purpose of this Notice is to explain the Action, the terms of the proposed Settlement of those litigations, and how the proposed Settlement affects Alphabet stockholders' legal rights.

2.     The United States District Court for the Northern District of California, San Francisco Division (the "**Court**") will hold a hearing ("**Settlement Hearing**") on _____, 2025, at the San Francisco Courthouse, Courtroom 15, 18th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, at which the Court will consider whether the Judgment, substantially in the form of Exhibit D to the Stipulation, should be entered: (a) approving the terms of the Settlement as fair, reasonable, and adequate, and in the best interests of Alphabet and Alphabet's stockholders; (b) dismissing with prejudice the Action pursuant to the terms of this Stipulation; and (c) ruling upon Plaintiffs' Lead Counsel's application for a Fee and Expense Award; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

THE FOLLOWING DESCRIPTION OF THE ACTION AND THE SETTLEMENT HAS BEEN PREPARED BY COUNSEL FOR THE SETTLING PARTIES. THE COURT HAS MADE NO FINDINGS WITH RESPECT TO SUCH MATTERS, AND THIS NOTICE IS NOT AN EXPRESSION OR STATEMENT BY THE COURT OF FINDINGS OF FACT.

**A.     Factual Background**

3.     The Settlement arises out of the Action, which alleged breaches of fiduciary duties, among other claims, against certain officers and directors of the Company. Co-Lead Plaintiffs alleged in their Litigations that the Individual Defendants breached their fiduciary duties by exposing the Company to antitrust investigations and enforcement actions by the Department of Justice and state attorneys general, as well as other related civil litigation.  Among other things, Co-Lead Plaintiffs alleged that Alphabet's Board of Directors (the "**Board**") and certain Company's senior executives and former executives, failed to properly oversee or caused the Company to pursue anticompetitive business practices, exposing the Company to the risk of liability under U.S. antitrust law in connection with the Company's search, Ad Tech, and Android mobile operating system and app distribution businesses. Defendants deny all allegations made by the Co-Lead Plaintiffs in the Action.

**B.     The Federal Litigation**

4.     The Settlement arises out of the Action, which alleged breaches of fiduciary duties, among other claims, against certain officers and directors of the Company. Co-Lead Plaintiffs alleged

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF DERIVATIVE ACTION

in their Litigations that the Individual Defendants breached their fiduciary duties by exposing the Company to antitrust investigations and enforcement actions by the Department of Justice and state attorneys general, as well as other related civil litigation.  Among other things, Co-Lead Plaintiffs alleged that Alphabet's Board of Directors (the "**Board**") and certain Company's senior executives and former executives, failed to properly oversee or caused the Company to pursue anticompetitive business practices, exposing the Company to the risk of liability under U.S. antitrust law in connection with the Company's search, Ad Tech, and Android mobile operating system and app distribution businesses.  Defendants deny all allegations made by the Co-Lead Plaintiffs in the Action.

5.    On December 3, 2021, Plaintiff Police and Fire Retirement System of the City of Detroit filed a shareholder derivative action in the United States District Court for the Northern District of California, San Jose Division, against Defendants (*Police and Fire Retirement System of the City of Detroit v. Page*, Case No. 5:21-cv-09388).  The same day, Plaintiff Bucks County Employees' Retirement System separately filed a shareholder derivative action in the same court against Defendants (*Bucks County Employees' Retirement System v. Page*, Case No. 5:21-cv-09389).  Prior to filing suit, Plaintiff Police and Fire Retirement System of the City of Detroit and Plaintiff Bucks County Employees' Retirement System propounded shareholder inspection demands on Alphabet and had received productions of books and records from Alphabet.  Relevant portions of those productions were included in Plaintiff Police and Fire Retirement System of the City of Detroit and Plaintiff Bucks County Employees' Retirement System's complaints, which were filed under seal.

6.    On December 6, 2021, Plaintiff Police and Fire Retirement System of the City of Detroit and Plaintiff Bucks County Employees' Retirement System filed a joint stipulation and proposed order with the Court to consolidate the *Police and Fire Retirement System of the City of Detroit* and *Bucks County Employees' Retirement System* actions, appoint themselves as co-lead plaintiffs, and appoint Scott+Scott Attorneys at Law LLP as lead counsel. On December 8, 2021, the Court ordered that the *Police and Fire Retirement System of the City of Detroit* and *Bucks County Employees' Retirement System* actions be consolidated, appointed Plaintiff Police and Fire Retirement System of the City of Detroit and Plaintiff Bucks County Employees' Retirement System as Co-Lead Plaintiffs, and appointed Scott+Scott Attorneys at Law LLP as Plaintiffs' Lead Counsel.  On December 16, 2021, the Court ordered a joint stipulation directing Co-Lead Plaintiffs to file a consolidated complaint.

7.    On January 14, 2022, Co-Lead Plaintiffs filed a consolidated complaint in the Litigation asserting five claims:  (1) breach of fiduciary duty against the Individual Defendants in their capacity as directors; (2) breach of fiduciary duty against Defendants Brin, Page, Schmidt, and Pichai in their capacity as officers; (3) breach of fiduciary duty against Defendants Brin, Page, and Schmidt in their capacity as controlling shareholders; (4) unjust enrichment; and (5) corporate waste (*In re Alphabet, Inc. Shareholder Derivative Litigation*, Case No. 3:21-cv-09388-RLF, ECF No. 32, the "**Consolidated Complaint**").

8.    On April 15, 2022, the Settling Parties filed a stipulation and proposed order to temporarily stay the Litigation for six months, extendable by agreement of the Settling Parties, pending developments in the antitrust lawsuits underlying the allegations in the Consolidated Complaint.  The Court granted the stay later on April 15, 2022.  By agreement of the Settling Parties, the stay was extended to January 15, 2023.  At the Court's direction, the Settling Parties filed a Joint Status Report under seal on February 16, 2023.

2

9.     The Court then held a Case Management Conference on April 20, 2023, at which the Court continued the stay and ordered a further Case Management Conference set for October 19, 2023. Following a joint stipulation by the Settling Parties, the Court continued the Case Management Conference to November 2, 2023.  On November 2, 2023, the Court ordered a further Case Management Conference on February 15, 2024.

10.     On November 27, 2023, the Litigation was reassigned to the Honorable Judge Rita F. Lin in the San Francisco Division.  The Court vacated all case management conference dates.  Pursuant to orders by the Court, the Settling Parties submitted Joint Case Management Statements on December 11, 2023, June 12, 2024, and December 12, 2024, each providing the Court an update on the underlying antitrust litigations involving Alphabet.  The Court ordered continuations of the stay in the Litigation on December 26, 2023, June 12, 2024, and December 13, 2024.  On March 5, 2025, the Settling Parties filed a Stipulation and Proposed Order to continue the stay until May 30, 2025, which the Court ordered on March 6, 2025.

## C.     The State Action

11.     On June 16, 2022, Plaintiff Jamie Komen Revocable Trust filed a shareholder derivative lawsuit in Superior Court of the State of California, County of Santa Clara (*Jamie Komen Revocable Trust v. Page*, Case No. 22CV399340,  the "**State Action**" in the "**State Court**") against the Individual Defendants, Does 1–25, and Alphabet.  The State Action brought claims for:  (1) breach of fiduciary duty; (2) unjust enrichment; and (3) indemnification and contribution.  On June 21, 2022, the State Court deemed the State Action a complex action and ordered a stay of discovery and responsive pleadings.  The State Court set the initial Case Management Conference for October 27, 2022. Pursuant to stipulations by the parties to the State Action on October 13, 2022, January 19, 2023, May 4, 2023, November 6, 2023, December 8, 2023, March 18, 2024, April 12, 2024, June 20, 2024, September 6, 2024, December 3, 2024, January 31, 2025, and March 27, 2025, the State Court continued the initial Case Management Conference in the State Action pending further developments in the underlying antitrust litigations involving Alphabet.  On March 28, 2025, the State Court continued the initial Case Management Conference to June 12, 2025.

## D.     The Mediations and Extensive Settlement Negotiations

12.     Prior to filing the *Police and Fire Retirement System of the City of Detroit* and *Bucks County Employees' Retirement System* actions, Plaintiffs' Lead Counsel reviewed internal documents produced by Alphabet in response to Co-Lead Plaintiffs' shareholder inspection demands.  These documents included, among other things, (1) non-privileged Board materials relating to antitrust investigations or litigations involving Alphabet and the U.S. Department of Justice, Office of the Attorney General of Texas, Office of the Attorney General of Colorado, or U.S. House Committee on the Judiciary; (2) non-privileged Board materials produced to the foregoing government entities in connection with any investigations of Alphabet for allegations of anticompetitive conduct; and (3) non-privileged Board materials relating to any U.S. civil litigation by nongovernmental litigants concerning antitrust or anticompetitive conduct allegations.  On May 31, 2022, Alphabet further produced to Co-Lead Plaintiffs documents that were produced by Google to the Texas Attorney General in connection with that office's investigation of Google's business practices, consisting of 133,000 documents totaling 1,117,604 pages.  These documents were produced to Co-Lead Plaintiffs under mediation privilege to assist in the evaluation of their claims and the mediation process.  On June 9, 2023, Alphabet produced transcripts of depositions and associated exhibits in certain underlying antitrust

3

lawsuits to Co-Lead Plaintiffs for use in the ongoing mediation process.  On November 1, 2024, Alphabet further produced 52,818 pages of trial exhibits from the antitrust lawsuits underlying the allegations in the Consolidated Complaint.

13.    The Settling Parties have engaged in multiple in-person mediations under the guidance of the Honorable Layn R. Phillips (Ret.), formerly the Chief Judge of the United States District Court for the Western District of Oklahoma.  The first full-day mediation session occurred in-person on December 15, 2022, and included participation by Plaintiffs' Lead Counsel, Defendants' Counsel, and a representative from Alphabet.  The Settling Parties and a representative from Alphabet participated in a second full-day in-person mediation on February 7, 2024.  The Settling Parties and a representative from Alphabet participated in a third full-day in-person mediation on September 27, 2024, at which the Settling Parties engaged in further discussions of the merits of Co-Lead Plaintiffs' claims and the Settling Parties' proposals for corporate reforms.

14.    Throughout and following the in-person mediations, Judge Phillips continued to facilitate discussions between the Settling Parties, the merits of Co-Lead Plaintiffs' claims, and the potential for settlement.  Following extensive negotiations through Judge Phillips, the Settling Parties requested the issuance of a mediator's proposal concerning the amount of the proposed compliance spend commitment on February 28, 2025, which the Settling Parties accepted, subject to approvals, on March 5, 2025.  The accepted mediator's proposal included all substantive terms of the settlement, including the corporate reforms and compliance spend commitment by Alphabet.  Following agreement on these terms, and with the assistance of Judge Phillips, the Settling Parties agreed to the terms set out in Section V.1, which set out all substantive terms of the proposed settlement on March 13, 2025.

15.    After agreeing to all substantive terms of the proposed settlement, subject only to management/Board approval, Judge Phillips facilitated negotiations between the Settling Parties concerning the amount of any Fee and Expense Award.  The Settling Parties requested a mediator's proposal concerning any Fee and Expense Award on March 25, 2025, which the Settling Parties accepted on March 31, 2025.  Following acceptance of the mediator's proposal, the Settling Parties executed the Memorandum of Understanding on April 9, 2025.

16.    The Settling Parties entered into the Stipulation on May 30, 2025. Prior to signing the Stipulation, the Settling Parties had no negotiations regarding the amount of any Fee and Expense Awards or the amount of any Service Awards.

17.    On _____, 2025, the Court entered the Preliminary Approval Order in connection with the Settlement which, among other things, preliminarily approved the Settlement, authorized this Notice to be provided to current Alphabet stockholders, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## WHAT ARE THE TERMS OF THE SETTLEMENT?

18.    In consideration of the Settlement and the releases provided therein, and subject to the terms and conditions of this Stipulation, the Settling Parties have agreed to the following Settlement Consideration for Alphabet.

19.    <u>Regulatory Readiness Compliance Enhancements.</u> Alphabet shall adopt and/or maintain (to the extent already implemented) the corporate governance and workplace measures and enhancements set forth in Paragraph 1.2 of the Stipulation.

20.    <u>Board Oversight Enhancements.</u> The Board shall create a new Risk and Compliance Committee ("RCC") of the Board. The substantive terms of the RCC are described in Paragraph 1.4 of the Stipulation.

21.    <u>Management Oversight Enhancements.</u> The Company will maintain a management  to assist the RCC to oversee and monitor the Company's compliance with regard to Google LLC (including its subsidiaries), as outlined in Paragraph 1.5 of the Stipulation. The Company will also maintain a management steering committee to support the management council as described in Paragraph 1.5 of the Stipulation.

22.    To provide funding for its cross-company global compliance initiatives, Alphabet shall cause to be spent at least $500 million over the course of up to 10 years following the Effective Date of the Settlement on its global compliance efforts.

23.    The Company will also maintain the Google Chat policy, process, and/or technical capabilities described in Paragraph 1.7 of the Stipulation.

## WHAT ARE THE SETTLING PARTIES' REASONS FOR THE SETTLEMENT?

**E.    Why did the Co-Lead Plaintiffs agree to settle?**

24.    As discussed above, Plaintiffs' Lead Counsel have reviewed and analyzed voluminous confidential, non-public internal documents.  In addition, Plaintiffs' Lead Counsel have reviewed and analyzed data from many other sources specific to this matter, including, but not limited to:  (1) Alphabet's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (2) securities analyst, business, and financial media reports about Alphabet; (3) internal Alphabet documents produced pursuant to mediation privilege; (4) deposition transcripts and exhibits and trial exhibits in the underlying antitrust lawsuits produced pursuant to mediation privilege; and (5) trial transcripts and pleadings from the underlying antitrust lawsuits. Plaintiffs' Lead Counsel have also (1) researched the applicable law with respect to the claims asserted (or which could be asserted) in the stockholder derivative actions and the potential defenses thereto; (2) researched, drafted, and filed complaints or sent inspection demands; (3) consulted with experts retained on numerous matters relevant to the pending litigation and settlement issues; (4) prepared detailed mediation statements; (5) reviewed documents and information provided in advance of the mediation sessions and during settlement negotiations; (6) participated in multiple in-person mediations; and (7) engaged in months-long settlement discussions with Defendants' counsel.

25.    Plaintiffs' Lead Counsel believe that the claims asserted in the Litigation have merit and that their investigation of the evidence supports the claims asserted.  Without conceding the merit of any of the Defendants' defenses, and in light of the benefits of the Settlement as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trial(s) and appeal(s), Co-Lead Plaintiffs and Plaintiffs' Lead Counsel have concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and

conditions set forth in this Stipulation. Co-Lead Plaintiffs and Plaintiffs' Lead Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial(s) and through possible appeal(s). Plaintiffs' Lead Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Litigation, the difficulties and delays inherent in such litigation, the cost to Alphabet—on behalf of which Co-Lead Plaintiffs filed the Litigation—and distraction to management of Alphabet that would result from extended litigation. Based on their evaluation, and in light of what Plaintiffs' Lead Counsel believe to be the significant benefits conferred upon Alphabet as a result of the Settlement, Co-Lead Plaintiffs and Plaintiffs' Lead Counsel have determined that the Settlement is in the best interests of Co-Lead Plaintiffs and Alphabet and have agreed to settle the Litigation upon the terms and subject to the conditions set forth herein.

**F.    Why did the Settling Defendants and the Company agree to settle?**

26.    Each Individual Defendant has denied and continues to deny that he or she has committed or attempted to commit any violations of law, any breaches of fiduciary duty owed to Alphabet, or any wrongdoing whatsoever, and expressly maintains, that at all relevant times, he or she acted in good faith and in a manner that he or she reasonably believed to be in the best interests of Alphabet and its stockholders. Defendants further deny that the Co-Lead Plaintiffs, Alphabet, or its stockholders suffered any damage or were harmed as a result of any act, omission, or conduct by the Individual Defendants as alleged in the Litigation or otherwise. Defendants further assert, among other things, that the Co-Lead Plaintiffs lack standing to litigate derivatively on behalf of Alphabet because the Co-Lead Plaintiffs have not yet pleaded, and cannot properly plead, that a demand on the Board would be futile.

27.    Alphabet nonetheless believes that the Settlement is in the best interests of the Company, its stockholders, and its employees. Defendants are, therefore, entering into this Settlement for its benefits and to eliminate the uncertainty, distraction, disruption, burden, risk, and expense of further litigation. Pursuant to the terms set forth below, this Stipulation (including the exhibits) shall not in any event be construed as, or deemed to be evidence of, an admission or concession by the Individual Defendants with respect to any claim of fault, liability, wrongdoing, or damage or any defect in the defenses that Individual Defendants have, or could have, asserted. Each Individual Defendant has further asserted, and continues to assert, that at all material times, the Individual Defendant acted in good faith and in a manner that she or he reasonably believed to be in the best interests of Alphabet and its stockholders.

| WHAT WILL HAPPEN IF THE SETTLEMENT IS APPROVED? WHAT CLAIMS WILL THE SETTLEMENT RELEASE? |
|---|

28.    If the Settlement is approved, the Court will enter a Judgment. Pursuant to the Judgment, the Action will be dismissed in its entirety and with prejudice and, upon the Effective Date of the Settlement,[1] the following releases will occur:

---

[1] The Effective Date of the Settlement is conditioned on the occurrence of each of the events described in Paragraph 6.1 of the Stipulation, which include the entry of the Judgment by the Court approving the Settlement and dismissing the Action with prejudice, the dismissal with prejudice of the State Action, the passing of the date upon which the Judgment becomes Final, and the passing of the dates upon which each of the dismissal orders in the Action and State Action become Final.

29.  **Release of Claims by Current Alphabet Stockholders**. Upon the Effective Date, the Co-Lead Plaintiffs (acting on their own behalf and, in some cases, derivatively on behalf of Alphabet), Alphabet, and any Person acting derivatively on behalf of Alphabet shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged and dismissed with prejudice the Released Stockholder Claims which, as detailed in the Stipulation, means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, actions, causes of action, sums of money due, judgments, suits, amounts, matters, issues, liabilities, and charges of any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), and claims for relief of every nature and description whatsoever, whether in law or equity, including both known claims and Unknown Claims (as defined in Paragraph I(aa) of the Stipulation), suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, that Alphabet, the Co-Lead Plaintiffs derivatively on behalf of Alphabet, or any Alphabet stockholder derivatively on behalf of Alphabet (i) asserted in any of the complaints filed in the Litigation, or (ii) could have asserted in any court, tribunal, forum, or proceeding, under the laws of any jurisdiction, arising out of, relating to, or based upon the facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to in any of the complaints filed in the Litigation, regardless of the jurisdiction in which such facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances were or could have been alleged or where such facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances had impact.[2]  In addition, Upon the Effective Date, the Co-Lead Plaintiffs (acting on their own behalf and, in some cases, derivatively on behalf of Alphabet), Alphabet, and any Person acting derivatively on behalf of Alphabet, shall be forever barred and enjoined from asserting, commencing, instituting, or prosecuting any of the Released Stockholder Claims against any Released Defendant Persons, regardless of the jurisdiction in which such claims were or could have been alleged or where the claims had impact.

30.  **Release of Claims by Defendants**. Upon the Effective Date, each of the Individual Defendants and Alphabet shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendant Claims (including Unknown Claims) which, as detailed in the Stipulation, means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, causes of action, and liabilities of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims (as defined in Paragraph I(aa) of the Stipulation), suspected or unsuspected, accrued or unaccrued, that Defendants have or could have asserted against the Released Stockholder Persons or their counsel, arising out of the institution, prosecution, or settlement of the claims asserted against Defendants in the Litigation that Defendants (i) asserted in the Litigation, or (ii) could have asserted in the Litigation, or in any other forum that arise out of, relate to, or are based upon, any of the allegations, transactions, facts,

---

[2] The Released Stockholder Claims shall not include (i) the class claims asserted in the pending stockholder class action captioned *AMI - Government Employees Provident Fund Management Company Ltd. v. Alphabet Inc.*, 3:23-cv-01186-RFL (N.D. Cal.), (ii) any claims relating to the enforcement of the Settlement or this Stipulation, or (iii) any claims that arise out of or are based upon any conduct of the Released Defendant Persons after the Effective Date.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF DERIVATIVE ACTION

matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, alleged or referred to in any of the complaints filed in the Litigation; provided, however, that the Released Defendant Claims shall not include (i) any claims relating to the enforcement of the Settlement or this Stipulation, (ii) any claims by the Individual Defendants relating to insurance coverage or the right to indemnification, or (iii) any claims that arise out of or are based upon any conduct of the Released Stockholder Persons after the Effective Date and shall be forever barred and enjoined from asserting any Released Defendant Claims against any Released Stockholder Persons.[3]

31. By Order of the Court, pending final determination of whether the Settlement should be approved, the Co-Lead Plaintiffs and all other current Alphabet stockholders are barred and enjoined from asserting, commencing, instituting, or prosecuting any of the Released Stockholder Claims against any of the Released Defendant Persons.

32. **THE ABOVE DESCRIPTION OF THE PROPOSED RELEASES IS ONLY A SUMMARY. The complete terms—including the definitions of the Effective Date, Released Defendant Claims, Released Defendant Persons, Released Stockholder Claims, Released Stockholder Persons, and Unknown Claims—are set forth in the Stipulation**, which is available on Alphabet's investor relations website at https://abc.xyz/investor/ and on Plaintiffs' Lead Counsel's website at [   ].

| HOW WILL THE STOCKHOLDERS' ATTORNEYS BE PAID? |
| :---: |

33. Plaintiffs' Lead Counsel have not received any payment for their services in pursuing the claims asserted in the Action, nor have the Plaintiffs' Lead Counsel been reimbursed for their litigation expenses. In light of benefits produced for Alphabet by the Co-Lead Plaintiffs and the Plaintiffs' Lead Counsel in connection with the Settlement, Plaintiffs' Lead Counsel intend to seek approval from the Court for a Fee and Expense Award not to exceed $80,000,000. The Fee and Expense Award is separate from and in addition to the $500 million spend amount. The Fee and Expense Award, which includes litigation expenses and the Service Awards to the Co-Lead Plaintiffs, was negotiated with the assistance of and was the result of a mediator's recommendation made by the mediator, the Hon. Layn R. Phillips (Ret.). Alphabet and the Individual Defendants agree not to oppose the requested Fee and Expense Award so long as it does not exceed $80,000,000. Alphabet agrees that, to the extent available, it will cause insurance proceeds from the Defendants' insurers to pay for the Fee and Expense Award in excess of any applicable self-insured retention. The Co-Lead Plaintiffs further intend to seek approval from the Court for a Service Award for each Co-Lead Plaintiff not to exceed $50,000.

34. The Court will determine the amount of the Fee and Expense Award for all Plaintiffs' Lead Counsel. Alphabet stockholders are not personally liable for any such fees or expenses. Any fees and expenses approved by the Court will not diminish or have any impact on the $500 million spend commitment by Alphabet pursuant to the Settlement (*see* Paragraph 22, above).

---

[3] The Released Defendant Claims shall not include (i) any claims relating to the enforcement of the Settlement or this Stipulation, (ii) any claims by the Individual Defendants relating to insurance coverage or the right to indemnification, or (iii) any claims that arise out of or are based upon any conduct of the Released Stockholder Persons after the Effective Date.

| WHEN AND WHERE WILL THE SETTLEMENT HEARING BE HELD? |
| DO I HAVE THE RIGHT TO APPEAR AT THE SETTLEMENT HEARING? |

35.    The Court will consider the Settlement, as well as the Plaintiffs' Lead Counsel's application for a Fee and Expense Award at the Settlement Hearing.  The Settlement Hearing will be held before The Honorable Rita F. Lin, on _____, 2025, at __.m., at the San Francisco Courthouse, Courtroom 15, 18th Floor, 450 Golden Gate Ave., San Francisco, CA 94102.  At the Settlement Hearing, the Court consider whether the Judgment, substantially in the form of Exhibit D to the Stipulation, should be entered: (a) approving the terms of the Settlement as fair, reasonable, and adequate; (b) dismissing with prejudice the Action pursuant to the terms of this Stipulation; and (c) ruling upon Plaintiffs' Lead Counsel's application for a Fee and Expense Award; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

36.    Any Alphabet stockholder who held Alphabet stock as of October 20, 2020 and continues to hold such shares of Alphabet common stock as of the date of the Settlement Hearing may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of the Court and delivering a notice of appearance to Plaintiffs' Lead Counsel and to Boris Feldman of Freshfields US LLP ("**Defendants' Counsel**") at the addresses set forth in Paragraph 37 below, such that it is received no later than ten (10) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.

37.    Any Alphabet stockholder who held Alphabet stock as of October 20, 2020 and continues to hold such shares of Alphabet common stock as of the date of the Settlement Hearing may file a written objection to the proposed Settlement and/or the Plaintiffs' Lead Counsel's application for a Fee and Expense Award, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement and/or the applications for such Fee and Expense Award should not be approved. All Persons desiring to object are directed to file a written objection with the Clerk of the Court and serve (by hand, first-class mail, or express service) copies of such objection on Plaintiffs' Co-Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are ***received*** no later than _____, 2025, which is ten (10) calendar days prior to the Settlement Hearing.

| **Clerk of the Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Mark B. Busby<br>**Office of the Clerk**<br>United States District Court<br>450 Golden Gate Avenue<br>San Francisco, CA 94102-3489 | Patrick Coughlin<br>**Scott+Scott Attorneys at Law LLP**<br>600 W. Broadway<br>Suite 3300<br>San Diego, CA 92101 | Boris Feldman<br>**Freshfields US LLP**<br>855 Main Street<br>Redwood City, CA 94063 |

9

38.    Any Alphabet stockholder who held Alphabet stock as of October 20, 2020 and continues to hold shares of Alphabet common stock as of the date of the Settlement Hearing and who wishes to be heard orally at the Settlement Hearing may appear at the hearing, whether or not they have filed an objection.

39.    Any objections, filings, and other submissions: (a) must state the name, address, and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) must be signed by the objector; (c) must contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (d) must include documentation sufficient to prove that the objector owned shares of Alphabet common stock as of October 20, 2020 and contain a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing.

40.    Documentation establishing ownership of Alphabet common stock must consist of copies of monthly brokerage account statements, or an authorized statement from the objector's broker containing the information found in an account statement.

41.    You may file a written objection without having to appear at the Settlement Hearing. Any current Alphabet stockholder may also appear and object at the Settlement Hearing with or without having submitted a written objection.

42.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense. If you file an objection in connection with or intend to appear at the Settlement Hearing, your attorney should file a notice of appearance with the Court and serve it on Plaintiffs' Lead Counsel and Defendants' Counsel at the addresses set forth in Paragraph 37 above so that the notice is *received* on or before _____, 2025.

43.    Unless the Court orders otherwise, any Person who does not make his, her, or its objection in the manner provided herein shall: (a) be deemed to have waived and forfeited his, her, or its right to object to any aspect of the proposed Settlement or Fee and Expense Awards and/or Service Awards; (b) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the Fee and Expense Awards and/or Service Awards; and (c) be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters concerning the Settlement or the contemplated and/or approved Fee and Expense Awards and Service Awards.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

44.    This Notice does not purport to be a comprehensive description of the Action, the allegations related thereto, the terms of the Settlement, or the Settlement Hearing. For a more detailed statement of the matters involved in the Action, you may inspect the pleadings, the Stipulation, the

10

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF DERIVATIVE ACTION

orders entered by the Court, and other papers filed in the Action at the Office of the Clerk, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, during regular business hours of each business day. You may also view a copy of the Stipulation on Alphabet's investor relations website at https://abc.xyz/investor/.

45.    If you have questions regarding the Settlement, you may write or call Plaintiffs' Lead Counsel, as follows: Patrick Coughlin, Scott+Scott Attorneys at Law LLP, 600 W. Broadway, Suite 3300, San Diego, CA 92101, (619) 233-4565, pcoughlin@scott-scott.com.

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF
THE CLERK OF THE COURT REGARDING THIS NOTICE.**

Dated: _____, 2025

BY ORDER OF THE COURT
UNITED STATES FEDERAL DISTRICT
COURT FOR THE NORTHERN DISTRICT OF
CALIFORNIA, SAN FRANCISCO DIVISION

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF DERIVATIVE ACTION

# EXHIBIT C

1

**Exhibit C**

2

UNITED STATES DISTRICT COURT

3

NORTHERN DISTRICT OF CALIFORNIA

4

SAN FRANCISCO DIVISION

5

IN RE ALPHABET, INC., SHAREHOLDER
DERIVATIVE LITIGATION

6

7

8

9

10

11

Consolidated
Case No.: 3:21-cv-09388-RFL

Judge:      Rita F. Lin

12

**SUMMARY NOTICE OF**
**PENDENCY AND PROPOSED SETTLEMENT OF DERIVATIVE ACTIONS**

13

14

TO:    ALL PERSONS AND ENTITIES WHO HELD ALPHABET INC. COMMON STOCK
AS OF OCTOBER 20, 2020 AND CONTINUES TO HOLD SUCH SHARES AS OF THE
CLOSE OF TRADING ON _____, 2025

15

16

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY**.
**YOUR RIGHTS WILL BE AFFECTED BY THE ACTIONS**.

17

18

YOU ARE HEREBY NOTIFIED of the pendency of the following derivative action brought
in federal court: *In re Alphabet Inc.*, *Shareholder Derivative Litigation*, Consolidated Case No. 3:21-
cv-09388-RFL (the "**Action**").

19

20

YOU ARE ALSO HEREBY NOTIFIED that the parties to the Action have reached a proposed
settlement ("**Settlement**"), the terms and conditions of which are set forth in the Stipulation and
Agreement of Settlement entered into on May 30, 2025 ("**Stipulation**").

21

22

A more detailed description of the allegations and the claims asserted in the Action is set forth
in the Stipulation as well as the full Notice of Pendency and Proposed Settlement of Derivative Actions
("Notice"), both of which are publicly available for review on Alphabet's investor relations website at
https://abc.xyz/investor/ and on Plaintiffs' Lead Counsel's website at [   ]. All capitalized terms used
in this Summary Notice that are not otherwise defined herein have the meanings provided in the
Stipulation and/or Notice.

23

24

25

26

In consideration of the Settlement and the releases provided therein, and subject to the terms
and conditions of the Stipulation, Alphabet has agreed to, among other things: (1) adopt and/or

27

28

maintain (to the extent already implemented) certain compliance measures described in the Stipulation; (2) establish and maintain a Board-level Risk and Compliance Committee as described in the Stipulation; (3) establish and maintain management-level committees, as described in the Stipulation; (4) cause to be spent at least $500 million over the course of up to 10 years on global compliance efforts, as described in the Stipulation; and (5) maintain certain policy, process, and/or technical capabilities with respect to Google Chat, as described in the Stipulation.

A hearing will be held on _____, 2025 at __.m., before The Honorable Rita F. Lin, at the San Francisco Courthouse, Courtroom 15, 18th Floor, 450 Golden Gate Ave., San Francisco, CA 94102 ("**Settlement Hearing**"). At the Settlement Hearing, the Court will consider whether Judgment should be entered: (a) approving the terms of the Settlement as fair, reasonable, and adequate, and in the best interests of Alphabet and Alphabet's stockholders; (b) dismissing with prejudice the Action pursuant to the terms of the Stipulation against Defendants; and (c) ruling upon Plaintiffs' Lead Counsel's application for a Fee and Expense Award; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

If you owned Alphabet common stock as of October 20, 2020 and will continue to own the stock through the date of the Settlement Hearing, you may, if you wish to do so, comment to the Court on the proposed Settlement, and/or Plaintiffs' Lead Counsel's application for a Fee and Expense Award. Any written objections to the proposed Settlement and/or the applications for such Fee and Expense Award should be filed with the Court and served on Plaintiffs' Lead Counsel and Defendants' Counsel such that they are *received* **no later than** _____**, 2025,** in accordance with the instructions set forth in the Notice.

**PLEASE NOTE:** Because the Settlement involves the resolution of stockholder derivative actions, which were brought on behalf of and for the benefit of the Company, the benefits from the Settlement will go to Alphabet. Individual Alphabet stockholders will not receive any direct payment from the Settlement. **ACCORDINGLY**, **THERE IS NO PROOF OF CLAIM FORM FOR STOCKHOLDERS TO SUBMIT IN CONNECTION WITH THIS SETTLEMENT**. **ALSO, STOCKHOLDERS ARE NOT REQUIRED TO TAKE ANY ACTION IN RESPONSE TO THIS SUMMARY NOTICE**.

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE**.

All questions regarding this summary notice, the Action, and the Settlement should be made to Plaintiffs' Lead Counsel:

Patrick Coughlin
**Scott+Scott Attorneys at Law LLP**
600 W. Broadway
Suite 3300
San Diego, CA 92101

1

Dated: _____, 2025

                                        BY ORDER OF THE COURT
UNITED STATES FEDERAL DISTRICT
COURT FOR THE NORTHERN DISTRICT OF
CALIFORNIA, SAN FRANCISCO DIVISION

SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF DERIVATIVE ACTION

# EXHIBIT D

**Exhibit D**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ALPHABET, INC., SHAREHOLDER DERIVATIVE LITIGATION | Consolidated<br>Case No.: 3:21-cv-09388-RFL<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT**<br><br>Judge:    Rita F. Lin |

WHEREAS, a stockholder derivative litigation is pending in this Court entitled *In re Alphabet Inc.*, *Shareholder Derivative Litigation*, Consolidated Case No. 3:21-cv-09388-RFL ("**Action**");

WHEREAS, (1) Police and Fire Retirement System of the City of Detroit and Bucks County Employees' Retirement System (collectively, the "**Co-Lead Plaintiffs**"); (2) Nominal Defendant Alphabet Inc. ("**Alphabet**" or the "**Company**"); and (3) Larry Page, Sergey Brin, John L. Hennessy, L. John Doerr, K. Ram Shriram, Ann Mather, Allan R. Mulally, Roger W. Ferguson, Jr., Robin L. Washington, Frances H. Arnold, Sundar Pichai, and Eric E. Schmidt (collectively, the "**Individual Defendants**" and, together with Alphabet, "**Defendants**," and, together with the Co-Lead Plaintiffs, the "**Settling Parties**") have entered into a Stipulation and Agreement of Settlement on May 30, 2025 ("**Stipulation**"), which provides for a complete dismissal with prejudice of the claims asserted in the Action and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court ("**Settlement**");

WHEREAS, by Order dated _____, 2025 ("**Preliminary Approval Order**"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to Alphabet stockholders; (c) provided Alphabet stockholders with the opportunity to object to the proposed Settlement and/or Plaintiffs' Lead Counsel's application for a Fee and Expense Award and/or any application for Service Awards for Co-Lead Plaintiffs; and (d) scheduled a hearing regarding final approval of the Settlement ("**Settlement Hearing**");

WHEREAS, due and adequate notice has been given to Alphabet stockholders;

WHEREAS, the Court conducted the Settlement Hearing on _____, 2025, to consider, among other things, whether Judgment should be entered: (i) approving the terms of the Settlement as fair, reasonable, and adequate, and in the best interests of Alphabet and Alphabet stockholders; and (ii) dismissing with prejudice the Action pursuant to the terms of this Stipulation against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation and all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.    **Definitions:** Unless otherwise defined in this Order, the capitalized terms used herein shall have the same meanings as they have in the Stipulation.

2.    **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over the Settling Parties.

3.    **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof the Stipulation filed with the Court on _____, 2025, all exhibits thereto.

4.    **Notice:** The Court finds that: (a) the publication of the Summary Notice in *Investor's Business Daily*, the attachment of the Notice to the Company's Form 8-K filed with the SEC, and the posting of the Notice and Stipulation on the Company's investor relations website and on Plaintiffs' Lead Counsel's websites were implemented in accordance with the Preliminary Approval Order and (b) the method of providing notice of the Settlement and the Settlement Hearing set forth in the Preliminary Approval Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Alphabet stockholders of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of their right to object to the Settlement, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of the United States Constitution (including the Due Process Clause) and all other applicable law and rules.

5.    The Settlement set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of Alphabet and Alphabet stockholders, and the Court further finds in connection therewith that:

a.    The Settlement was negotiated at arm's length by experienced and skilled counsel on behalf of the Co-Lead Plaintiffs and Defendants.

b.    The Settlement was entered into in good faith and is not collusive.

c.    Prior to filing the Action, Plaintiffs' Lead Counsel reviewed internal documents produced by Alphabet in response to Co-Lead Plaintiffs' shareholder inspection demands.  These documents included, among other things, (1) non-privileged Board materials relating to antitrust investigations or litigations involving Alphabet and the U.S. Department of

Justice, Office of the Attorney General of Texas, Office of the Attorney General of Colorado, or U.S. House Committee on the Judiciary; (2) non-privileged Board materials produced to the foregoing government entities in connection with any investigations of Alphabet for allegations of anticompetitive conduct; and (3) non-privileged Board materials relating to any U.S. civil litigation by nongovernmental litigants concerning antitrust or anticompetitive conduct allegations.

        d.     Over the course of the Action, Alphabet further produced to Co-Lead Plaintiffs (1) documents that were produced by Google to the Texas Attorney General in connection with that office's investigation of Google's business practices, consisting of 133,000 documents totaling 1,117,604 pages; (2) transcripts of depositions and associated exhibits in certain underlying antitrust lawsuits to Co-Lead Plaintiffs; and (3) 52,818 pages of trial exhibits from the antitrust lawsuits underlying the allegations in the Consolidated Complaint.  Lead Plaintiffs' Counsel reviewed and relied on these materials, along with an extensive public record in *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C.), *State of Colorado v. Google LLC*, No. 1:20-cv-03715-APM (D.D.C.), *Epic Games, Inc. v. Google LLC*, No. 3:20-cv05671-JD (N.D. Cal.), *United States v. Google LLC*, No. 1:20-cv-00108-LMB-JFA (E.D. Va.), the Majority Staff Report and Recommendations of the Subcommittee on Antitrust, Commercial and Administrative Law of the Committee of the Judiciary of the House of Representatives, as well as other litigation, regulatory, and news developments, when preparing their Amended Complaint and throughout the entire mediation process.

        e.     The Settling Parties engaged in multiple in-person mediations under the guidance of the Honorable Layn R. Phillips (Ret.), formerly the Chief Judge of the United States District Court for the Western District of Oklahoma.  The first full-day mediation session occurred in-person on December 15, 2022, and included participation by Plaintiffs' Lead Counsel, Defendants' Counsel, and a representative from Alphabet.  The Settling Parties and a representative from Alphabet participated in a second full-day in-person mediation on February 7, 2024.  The Settling Parties and a representative from Alphabet participated in a third full-day in-person mediation on September 27,

2024, at which the Settling Parties engaged in further discussions of the merits of Co-Lead Plaintiffs' claims and the Settling Parties' proposals for corporate reforms.

f.    Throughout and following the in-person mediations, Judge Phillips continued to facilitate discussions between the Settling Parties, the merits of Co-Lead Plaintiffs' claims, and the potential for settlement. Following extensive negotiations through Judge Phillips, the Settling Parties requested the issuance of a mediator's proposal concerning the amount of the proposed compliance spending commitment on February 28, 2025, which the Settling Parties accepted, subject to approvals, on March 5, 2025. The accepted mediator's proposal included all substantive terms of the settlement, including the corporate reforms and compliance spend commitment by Alphabet. Following agreement on these terms, and with the assistance of Judge Phillips, the Settling Parties agreed to the terms set out in Section V.1 of the Stipulation, which set out all substantive terms of the proposed settlement, on March 13, 2025.

g.    After agreeing to all substantive terms of the proposed settlement, subject to approvals, Judge Phillips facilitated negotiations between the Settling Parties concerning the amount of any Fee and Expense Award. The Settling Parties requested a mediator's proposal concerning any Fee and Expense Award on March 25, 2025, which the Settling Parties accepted on March 31, 2025. Following acceptance of the mediator's proposal, the Settling Parties executed the Memorandum of Understanding on April 9, 2025.

h.    As further detailed in the briefing in support of the proposed Settlement, had the Settlement not been achieved, all parties faced risks and uncertainties (and associated costs and further delays) of extended litigation; and, although the Court takes no position on the merits of either the Co-Lead Plaintiffs' or Defendants' positions, such arguments support the reasonableness of the Settlement.

i.    The Co-Lead Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately represented the interests of Alphabet and Alphabet's stockholders in connection with the Settlement.

j.    Notice was provided to Alphabet stockholders by the methods described in Paragraph 4 above, and __ objections to the proposed Settlement have been submitted.

6.     **Final Settlement Approval and Dismissal of Claims:** The Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects, and finds that the Settlement is fair, reasonable, and adequate, and in the best interests of Alphabet and Alphabet stockholders. The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.     The Action and all the claims asserted in the Action are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation and in connection with any Fee and Expense Awards and/or Service Agreements approved by this Court.

8.     **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on the Settling Parties and all current Alphabet stockholders, as well as their respective successors and assigns. Any current Alphabet stockholder who has not timely submitted any actual or potential objection to the Settlement in the manner provided in the Notice is deemed to have waived any objections by appeal, collateral attack, or otherwise.

9.     **Releases:** The releases set forth in Paragraphs 5.1 to 5.4 of the Stipulation, together with the definitions contained in Section I of the Stipulation relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that:

a.     Upon the Effective Date, the Co-Lead Plaintiffs (acting on their own behalf and, in some cases, derivatively on behalf of Alphabet), Alphabet, and any Person acting derivatively on behalf of Alphabet shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged and dismissed with prejudice the Released Stockholder Claims (including Unknown Claims) against the Released Defendant Persons.

b.     Upon the Effective Date, the Co-Lead Plaintiffs (acting on their own behalf and, in some cases, derivatively on behalf of Alphabet), Alphabet, and any Person acting derivatively on behalf of Alphabet, shall be forever barred and enjoined from asserting, commencing, instituting, or prosecuting any of the Released Stockholder Claims against any Released Defendant Persons.

c.     Upon the Effective Date, each of the Individual Defendants and Alphabet shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendant Claims (including Unknown Claims) against the Released Stockholder Persons, and shall be forever barred and enjoined from asserting any Released Defendant Claims against any Released Stockholder Persons.

10.     **No Admissions:** Neither this Judgment, nor the Stipulation (including any exhibits attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Settling Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Settling Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Judgment, nor the Stipulation, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or this Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties and all current Alphabet stockholders for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; and (b) all other matters relating to the Action.

12.     **Attorney Fees and Service Awards:** Plaintiffs' Lead Counsel is hereby awarded _____, in fees and expenses, plus a proportionate share of the interest thereon, which the Court finds to be fair and reasonable.  Co-Lead Plaintiffs are hereby awarded _____, for

Service Awards, which the Court finds to be fair and reasonable. The Fee and Expense Award is separate from and in addition to the $500 million spend amount. The Fee and Expense Award, which includes litigation expenses and the Service Awards to the Co-Lead Plaintiffs, was negotiated with the assistance of and was the result of a mediator's recommendation made by the mediator, the Hon. Layn R. Phillips (Ret.). Alphabet has agreed that, to the extent available, it will cause insurance proceeds from the Defendants' insurers to pay for the Fee and Expense Award in excess of any applicable self-insured retention.

13.    **Modification of the Agreement of Settlement:** Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto, to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Alphabet or current Alphabet stockholders in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14.    **Termination of Settlement:** If the Settlement is terminated as provided in the Stipulation or the Effective Date otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Settling Parties and all current Alphabet stockholders, and all Settling Parties and Released Persons shall be restored to their respective positions prior to execution of the Stipulation, as provided in the Stipulation.

15.    **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

DATED: _____          _____

THE HONORABLE RITA F. LIN
UNITED STATES DISTRICT JUDGE