UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ALPHABET, INC., SHAREHOLDER DERIVATIVE LITIGATION | Case No.  21-cv-09388-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 86 |

The Court requests that the parties be prepared to address the following questions at the hearing on Plaintiffs' Motion for Preliminary Approval of Settlement set for **July 8, 2025**, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse.

1. What is Alphabet's best estimate of its total spending on Regulatory Readiness Compliance and Board and Management Oversight in each of the past five years? While the Court understands that it may be difficult to provide an exact number, it strains credulity that Alphabet would lack any estimate of its compliance and oversight spending when it agreed to spend a minimum of $500 million on those areas as part of the proposed settlement.  Furthermore, in order for the Court and shareholders to assess the value of the proposed settlement, it is important to understanding whether Alphabet has committed to spending more on compliance and oversight than it has historically spent.

2. If Alphabet were ordered to provide a declaration attesting to the estimated amount of its compliance and oversight expenditure over the past five years— including a breakdown of those costs and explanation of the basis for the amount

        listed—how much time would it require to prepare a declaration?

3. Given that all current shareholders would be bound by the release in the proposed settlement, should anyone currently holding Alphabet stock be permitted to object to the proposed settlement? The parties' submissions do not appear consistent in whether they require objectors to have owned Alphabet stock since October 20, 2020. The proposed order states that objectors who enter appearances or object in writing must have continuously held stock since October 20, 2020, but permits "[a]ny current Alphabet stockholder [to] appear and object at the Settlement Hearing." (Dkt. 91-3 ¶¶ 7–10.) The parties' long-form notice mirrors the proposed order, but the short-form notice does not. (*Compare* Dkt. No. 87-1, Exhibit B *with* Dkt. No. 91-2.) What requirements do the parties propose to apply to objectors?

4. Do the parties have any objection to the additional requirement that Plaintiffs' Lead Counsel's firm website and the Company's investor relations website include linked copies of: (i) the operative public version of the Complaint, (ii) the Motion for Preliminary Approval of Settlement, (iii) the Joint Stipulation and Agreement of Settlement, (iv) any fees motion filed by Plaintiffs' Lead Counsel; and (v) all supplemental briefing ordered by the Court related to the Motion for Preliminary Approval of Settlement and any fees motion, including the declaration described in Question 2, if ordered? Documents should be uploaded within one business day of being filed via ECF.

5. Do the parties have any objection to the following changes to the proposed schedule for final approval to allow any objectors more time to review the fees motion:

- Deadline for parties to file papers in support of Final Approval of the Settlement and any motion for attorney fees: At least 45 calendar days before the Settlement Hearing.

- Settlement Hearing: Approximately 75 calendar days after approval order.

At the hearing, the parties will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

Additionally, by **July 7, 2025**, Plaintiffs shall file amended proposed long-form notice (Dkt. No. 87-1, Exhibit B) and short-form notice (Dkt. No. 91-2), and provide Word copies of both to the Court's proposed order inbox. Both notices shall include the following information:

1. That any final approval hearing will be held both in person and over Zoom, and the link for the Court's public hearing webinar.
2. Instructions on how to access the case docket *via PACER* and in person.
3. The date and time of the final approval hearing, *clearly stating that the date may change without further notice to the class*.
4. A note to advise class members to check Plaintiffs' Lead Counsel's firm website, the Company's investor relations website, or the Court's PACER site to confirm that the date has not been changed.

**IT IS SO ORDERED.**

Dated: July 2, 2025

RITA F. LIN
United States District Judge