**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
PATRICK COUGHLIN (CA Bar No. 111070)
MAXWELL R. HUFFMAN (CA Bar No. 264687)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
pcoughlin@scott-scott.com
mhuffman@scott-scott.com

*Lead Attorneys for Co-Lead Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ALPHABET, INC., SHAREHOLDER DERIVATIVE LITIGATION | Consolidated Case No.: 3:21-cv-09388-RFL<br><br>**[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE, AS MODIFIED**<br><br>Judge: Rita F. Lin |

WHEREAS, a stockholder derivative litigation is pending in this Court entitled *In re Alphabet Inc.*, *Shareholder Derivative Litigation*, Consolidated Case No. 3:21-cv-09388-RFL ("**Action**");

WHEREAS, (1) Police and Fire Retirement System of the City of Detroit and Bucks County Employees' Retirement System (collectively, the "**Co-Lead Plaintiffs**"); (2) Nominal Defendant Alphabet Inc. ("**Alphabet**" or the "**Company**"); and (3) Larry Page, Sergey Brin, John L. Hennessy, L. John Doerr, K. Ram Shriram, Ann Mather, Allan R. Mulally, Roger W. Ferguson, Jr., Robin L. Washington, Frances H. Arnold, Sundar Pichai, and Eric E. Schmidt (collectively, the "**Individual Defendants**" and, together with Alphabet, "**Defendants**," and, together with the Co-Lead Plaintiffs, the "**Settling Parties**") have entered into a Stipulation and Agreement of Settlement on May 30, 2025 ("**Stipulation**"), which provides for a complete dismissal with prejudice of the claims asserted in the Action and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court ("**Settlement**");

WHEREAS, in accordance with the Stipulation, the Co-Lead Plaintiffs have made an application for entry of an order preliminarily approving the Settlement and entry of this Preliminary Approval Order; approving the form, content, and method of providing notice of the Settlement to Alphabet stockholders; and scheduling the date and time for the Settlement Hearing, as defined herein;

WHEREAS, the Court conducted a hearing on July 8, 2025 ("**Preliminary Approval Hearing**") to consider, among other things, (a) whether the terms and conditions of the Settlement are within the range of reasonableness that ultimately could be granted final approval by the Court, and should therefore be preliminarily approved; (b) whether the form, content, and method of providing notice of the Settlement to Alphabet stockholders should be approved; and (c) whether a Settlement Hearing should be scheduled; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Definitions:** Unless otherwise defined in this Order, the capitalized terms used herein shall have the same meanings as they have in the Stipulation.

2. **Preliminary Approval of the Settlement:** The Court finds the Settlement to be within the range of reasonableness that ultimately could be granted final approval by the Court, and hereby preliminarily approves the Settlement subject to further consideration at the Settlement Hearing to be conducted as described below.

3. **Settlement Hearing:** The Court will hold a settlement fairness hearing ("**Settlement Hearing**") on **September 30, 2025 at 1:30 p.m.**, to be held both in person at the San Francisco Courthouse of the United States District Court for the Northern District of California, Courtroom 15, 18th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, and online via the Court's public hearing Zoom Webinar—accessible at https://cand-uscourts.zoomgov.com/j/1615482105?pwd=cTZiSVdXelllSXpjQ1p0Nm5HaXRYUT09, Webinar ID: 161 548 2105 and password: 315725—to consider whether the Judgment, substantially in the form of Exhibit D to the Stipulation, should be entered: (a) approving the terms of the Settlement as fair, reasonable, and adequate and in the best interests of Alphabet and Alphabet's stockholders; (b) dismissing with prejudice the Action pursuant to the terms of this Stipulation; (c) ruling upon Plaintiffs' Lead Counsel's application for a Fee and Expense Award; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Settlement Hearing date may be subject to change by the Court without any further notice to the class, i.e., Alphabet stockholders. Please check Plaintiffs' Lead Counsel's website, Alphabet's investor relations website at https://abc.xyz/investor/, or the Court's PACER website at https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?388891 to confirm that the date has not changed. To access PACER, you must have a user ID and password, which you can obtain via https://pacer.uscourts.gov/register-account/pacer-case-search-only. Alternatively, please e-mail Patrick Coughlin, Scott+Scott Attorneys at Law LLP, at pcoughlin@scott-scott.com and he shall help provide you copies of filings in this case that you request. You may also access the case docket in person by going to the Clerk's Office at the U.S. District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102. The Court also has instructions for accessing court documents at: https://cand.uscourts.gov/about/clerks-office/obtaining-copies-of-court-documents/.

Notice of the Settlement and the Settlement Hearing shall be given to Alphabet stockholders as set forth in Paragraph 5 of this Order.

4. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Settling Parties may agree to without further notice to Alphabet stockholders. The Court may also extend any of the deadlines set forth in this Order without further notice to Alphabet stockholders.

5. **Manner of Providing Notice:** Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a) Within fourteen (14) calendar days after the date of entry of this Order, Alphabet shall: (i) file a Form 8-K with the SEC which shall include the Notice (Dkt. No. 96) as an attachment, (ii) cause the Summary Notice (Dkt. No. 97) to be published through *Investor's Business Daily*, and (iii) post the Notice and Stipulation on the Company's investor relations website until the Judgment becomes Final. Alphabet shall cause to be paid all costs of such notice.

(b) Plaintiffs' Lead Counsel will also post the Notice and Stipulation on their firm's website.

(c) Within fourteen (14) calendar days after the date of entry of this Order, Plaintiffs' Lead Counsel's website and the Company's investor relations website shall include linked copies of: (i) the operative public version of the complaint, (ii) the Motion for Preliminary Approval of Settlement, (iii) the Joint Stipulation and Agreement of Settlement, (iv) any fees motion filed by Plaintiffs' Lead Counsel; and (v) all supplemental briefing ordered by the Court related to the Motion for Preliminary Approval of Settlement and any fees motion; (vi) the transcript of the July 8, 2025 preliminary approval hearing. Documents that do not yet exist as of the date of this Order shall be uploaded within one business day of being filed via ECF.

(d) At least seven (7) calendar days prior to the Settlement Hearing, Alphabet's counsel shall file with the Court an appropriate affidavit or declaration with respect to filing of the Form 8-K, publication of the Summary Notice, and posting of the Notice and Stipulation and documents listed in Paragraph 5(c); and Plaintiffs' Co-Lead Counsel shall file with the Court an

appropriate affidavit or declaration with respect to the posting of the Notice and documents listed Paragraph in 5(c).

6. **Approval of Form and Content of Notice:** The Court: (a) approves, as to form and content, the Notice, found at Dkt. No. 96, and the Summary Notice, found at Dkt. No. 97, and (b) finds that method of providing notice of the Settlement and the Settlement Hearing set forth in Paragraph 5 of this Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Alphabet stockholders of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of the applications for Fee and Expense Awards for Plaintiffs' Lead Counsel, of their right to object to the Settlement and/or the applications for such Fee and Expense Awards, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of the United States Constitution (including the Due Process Clause) and all other applicable law and rules.

7. **Appearance and Objections at Settlement Hearing:** Any Alphabet stockholder who currently owns Alphabet stock may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of the Court and delivering a notice of appearance to Plaintiffs' Lead Counsel and to Boris Feldman of Freshfields US LLP ("**Defendants' Counsel**") at the addresses set forth in Paragraph 8 below, such that it is received no later than ten (10) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any current Alphabet stockholder who does not enter an appearance will be represented by Plaintiffs' Lead Counsel and shall be deemed to have waived and forfeited any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing.

8. Any Alphabet stockholder who currently owns Alphabet stock may file a written objection to the proposed Settlement and/or the Plaintiffs' Lead Counsel's application for a Fee and Expense Award, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement and/or the applications for such Fee and Expense Award should not be approved. All Persons desiring to object are directed to file a written objection with the Clerk of the Court and serve (by hand, first-class mail, or express service) copies of such objection on Plaintiffs' Lead Counsel and

Defendants' Counsel at the addresses set forth below such that they are received no later than ten (10) calendar days prior to the Settlement Hearing.

| **Plaintiffs' Lead Counsel**: | **Defendants' Counsel**: |
|---|---|
| Patrick Coughlin | Boris Feldman |
| **Scott+Scott Attorneys at Law LLP** | **Freshfields US LLP** |
| 600 W. Broadway | 855 Main Street |
| Suite 3300 | Redwood City, California 94063 |
| San Diego, CA 92101 | |

9. Any objections, filings, and other submissions: (a) must state the name, address, and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) must be signed by the objector; (c) must contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (d) must include documentation sufficient to prove that the objector currently owns shares of Alphabet common stock and contain a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing. Documentation establishing ownership of Alphabet common stock must consist of copies of monthly brokerage account statements, or an authorized statement from the objector's broker containing the information found in an account statement.

10. Any current Alphabet stockholder may also appear and object at the Settlement Hearing with or without having submitted a written objection.

11. Unless the Court orders otherwise, any Person who does not make his, her, or its objection in the manner provided herein shall: (a) be deemed to have waived and forfeited his, her, or its right to object to any aspect of the proposed Settlement or application by Plaintiffs' Lead Counsel for a Fee and Expense Award; (b) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement,

or the Fee and Expense Award to Settling Stockholder's Counsel requested and/or approved by the Court; and (c) be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters concerning the Settlement, or such requested and/or approved Fee and Expense Award and/or Service Awards.

12. **Stay and Temporary Injunction**: Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins the Co-Lead Plaintiffs from asserting, commencing, instituting, or prosecuting any of the Released Stockholder Claims against any of the Released Defendant Persons.

13. **Notice Costs**: All costs of publishing and posting notice of the Settlement (with the exception of the costs of posting notice to Plaintiffs' Lead Counsel's firm websites, which will be borne by Plaintiffs' Lead Counsel) shall be paid by Alphabet, regardless of whether the Court finally approves the Settlement, and in no event shall the Co-Lead Plaintiffs or their counsel be responsible for any such notice costs.

14. **Termination of Settlement**: If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Co-Lead Plaintiffs, all other Alphabet shareholders, and Defendants, and all Settling Parties and Released Persons shall be restored to their respective positions prior to execution of the Stipulation, as provided in the Stipulation.

15. **Use of this Order:** Neither the Stipulation (including any exhibits attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Settling Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Settling Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither

the Stipulation, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. **Supporting Papers:** Opening papers in support of the proposed Settlement and the Plaintiffs' Lead Counsel's application for a Fee and Expense Award shall be filed no later than forty-five (45) calendar days prior to the Settlement Hearing; any objections thereto shall be filed no later than ten (10) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed no later than seven (7) calendar days prior to the Settlement Hearing. The Settling Parties shall be permitted to file reply papers regardless of whether they filed opening papers in support of the proposed Settlement.

17. **Retention of Jurisdiction:** The Court retains jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Stipulation, and the Settling Parties and their undersigned counsel submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

IT IS SO ORDERED.

DATED: _____July 8, 2025_____   _____
　　　　　　　　　　　　　　　　　　　THE HONORABLE RITA F. LIN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE