UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ALPHABET, INC., SHAREHOLDER DERIVATIVE LITIGATION | Consolidated<br>Case No.: 3:21-cv-09388-RFL<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT**<br><br>Judge:     Rita F. Lin |

WHEREAS, a stockholder derivative litigation is pending in this Court entitled *In re Alphabet Inc.*, *Shareholder Derivative Litigation*, Consolidated Case No. 3:21-cv-09388-RFL ("**Action**");

WHEREAS, (1) Police and Fire Retirement System of the City of Detroit and Bucks County Employees' Retirement System (collectively, the "**Co-Lead Plaintiffs**"); (2) Nominal Defendant Alphabet Inc. ("**Alphabet**" or the "**Company**"); and (3) Larry Page, Sergey Brin, John L. Hennessy, L. John Doerr, K. Ram Shriram, Ann Mather, Allan R. Mulally, Roger W. Ferguson, Jr., Robin L. Washington, Frances H. Arnold, Sundar Pichai, and Eric E. Schmidt (collectively, the "**Individual Defendants**" and, together with Alphabet, "**Defendants**," and, together with the Co-Lead Plaintiffs, the "**Settling Parties**") have entered into a Stipulation and Agreement of Settlement on May 30, 2025 ("**Stipulation**"), which provides for a complete dismissal with prejudice of the claims asserted in the Action and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court ("**Settlement**");

WHEREAS, by Order dated July 8, 2025 ("**Preliminary Approval Order**"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to Alphabet stockholders; (c) provided Alphabet stockholders with the opportunity to object to the proposed Settlement and/or Plaintiffs' Lead Counsel's application for a Fee and Expense Award and/or any application for Service Awards for Co-Lead Plaintiffs; and (d) scheduled a hearing regarding final approval of the Settlement ("**Settlement Hearing**");

WHEREAS, due and adequate notice has been given to Alphabet stockholders;

WHEREAS, the Court conducted the Settlement Hearing on Tuesday, September 30, 2025, to consider, among other things, whether Judgment should be entered: (i) approving the terms of the Settlement as fair, reasonable, and adequate, and in the best interests of Alphabet and Alphabet stockholders; and (ii) dismissing with prejudice the Action pursuant to the terms of this Stipulation against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation and all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. **Definitions:** Unless otherwise defined in this Order, the capitalized terms used herein shall have the same meanings as they have in the Stipulation.

2. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over the Settling Parties.

3. **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof the Stipulation filed with the Court on May 30, 2025, all exhibits thereto.

4. **Notice:** The Court finds that: (a) the publication of the Summary Notice in *Investor's Business Daily*, the attachment of the Notice to the Company's Form 8-K filed with the SEC, and the posting of the Notice and Stipulation on the Company's investor relations website and on Plaintiffs' Lead Counsel's websites were implemented in accordance with the Preliminary Approval Order and (b) the method of providing notice of the Settlement and the Settlement Hearing set forth in the Preliminary Approval Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Alphabet stockholders of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of their right to object to the Settlement, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of the United States Constitution (including the Due Process Clause) and all other applicable law and rules.

5. The Settlement set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of Alphabet and Alphabet stockholders, for the reasons described on the record at the final approval hearing, which are incorporated by reference, and the Court further finds in connection therewith that:

   a. The Settlement was negotiated at arm's length by experienced and skilled counsel on behalf of the Co-Lead Plaintiffs and Defendants.

   b. The Settlement was entered into in good faith and is not collusive.

   c. Prior to filing the Action, Plaintiffs' Lead Counsel reviewed internal

1  documents produced by Alphabet in response to Co-Lead Plaintiffs' shareholder inspection
2  demands.  These documents included, among other things, (1) non-privileged Board materials
3  relating to antitrust investigations or litigations involving Alphabet and the U.S. Department
4  of Justice, Office of the Attorney General of Texas, Office of the Attorney General of
5  Colorado, or U.S. House Committee on the Judiciary; (2) non-privileged Board materials
6  produced to the foregoing government entities in connection with any investigations of
7  Alphabet for allegations of anticompetitive conduct; and (3) non-privileged Board materials
8  relating to any U.S. civil litigation by nongovernmental litigants concerning antitrust or
9  anticompetitive conduct allegations.

               d.      Over the course of the Action, Alphabet further produced to Co-Lead
Plaintiffs (1) documents that were produced by Google to the Texas Attorney General in
connection with that office's investigation of Google's business practices, consisting of
133,000 documents totaling 1,117,604 pages; (2) transcripts of depositions and associated
exhibits in certain underlying antitrust lawsuits to Co-Lead Plaintiffs; and (3) 52,818 pages of
trial exhibits from the antitrust lawsuits underlying the allegations in the Consolidated
Complaint.  Lead Plaintiffs' Counsel reviewed and relied on these materials, along with an
extensive public record in *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C.),
*State of Colorado v. Google LLC*, No. 1:20-cv-03715-APM (D.D.C.), *Epic Games, Inc. v.
Google LLC*, No. 3:20-cv05671-JD (N.D. Cal.), *United States v. Google LLC*, No. 1:20-cv-
00108-LMB-JFA (E.D. Va.), the Majority Staff Report and Recommendations of the
Subcommittee on Antitrust, Commercial and Administrative Law of the Committee of the
Judiciary of the House of Representatives, as well as other litigation, regulatory, and news
developments, when preparing their Amended Complaint and throughout the entire mediation
process.

               e.      The Settling Parties engaged in multiple in-person mediations under the
guidance of the Honorable Layn R. Phillips (Ret.), formerly the Chief Judge of the United States
District Court for the Western District of Oklahoma.  The first full-day mediation session occurred

3
[P~~ROPOSED~~] ORDER AND FINAL JUDGMENT

in-person on December 15, 2022, and included participation by Plaintiffs' Lead Counsel, Defendants' Counsel, and a representative from Alphabet. The Settling Parties and a representative from Alphabet participated in a second full-day in-person mediation on February 7, 2024. The Settling Parties and a representative from Alphabet participated in a third full-day in-person mediation on September 27, 2024, at which the Settling Parties engaged in further discussions of the merits of Co-Lead Plaintiffs' claims and the Settling Parties' proposals for corporate reforms.

      f.      Throughout and following the in-person mediations, Judge Phillips continued to facilitate discussions between the Settling Parties, the merits of Co-Lead Plaintiffs' claims, and the potential for settlement. Following extensive negotiations through Judge Phillips, the Settling Parties requested the issuance of a mediator's proposal concerning the amount of the proposed compliance spending commitment on February 28, 2025, which the Settling Parties accepted, subject to approvals, on March 5, 2025. The accepted mediator's proposal included all substantive terms of the settlement, including the corporate reforms and compliance spend commitment by Alphabet. Following agreement on these terms, and with the assistance of Judge Phillips, the Settling Parties agreed to the terms set out in Section V.1 of the Stipulation, which set out all substantive terms of the proposed settlement, on March 13, 2025.

      g.      After agreeing to all substantive terms of the proposed settlement, subject to approvals, Judge Phillips facilitated negotiations between the Settling Parties concerning the amount of any Fee and Expense Award. The Settling Parties requested a mediator's proposal concerning any Fee and Expense Award on March 25, 2025, which the Settling Parties accepted on March 31, 2025. Following acceptance of the mediator's proposal, the Settling Parties executed the Memorandum of Understanding on April 9, 2025.

      h.      As further detailed in the briefing in support of the proposed Settlement, had the Settlement not been achieved, all parties faced risks and uncertainties (and associated costs and further delays) of extended litigation; and, although the Court takes no position on the merits

of either the Co-Lead Plaintiffs' or Defendants' positions, such arguments support the reasonableness of the Settlement.

       i.      The Co-Lead Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately represented the interests of Alphabet and Alphabet's stockholders in connection with the Settlement.

       j.      Notice was provided to Alphabet stockholders by the methods described in Paragraph 4 above, and no objections to the proposed Settlement have been submitted.

6.    **Final Settlement Approval and Dismissal of Claims:** The Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects, and finds that the Settlement is fair, reasonable, and adequate, and in the best interests of Alphabet and Alphabet stockholders. The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all the claims asserted in the Action are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation and in connection with any Fee and Expense Awards and/or Service Agreements approved by this Court.

8.    **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on the Settling Parties and all current Alphabet stockholders, as well as their respective successors and assigns. Any current Alphabet stockholder who has not timely submitted any actual or potential objection to the Settlement in the manner provided in the Notice is deemed to have waived any objections by appeal, collateral attack, or otherwise.

9.    **Releases:** The releases set forth in Paragraphs 5.1 to 5.4 of the Stipulation, together with the definitions contained in Section I of the Stipulation relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that:

       a.      Upon the Effective Date, the Co-Lead Plaintiffs (acting on their own behalf and, in some cases, derivatively on behalf of Alphabet), Alphabet, and any Person acting

1  derivatively on behalf of Alphabet shall be deemed to have, and by operation of the Judgment shall
2  have, fully, finally, and forever released, relinquished, discharged and dismissed with prejudice
3  the Released Stockholder Claims (including Unknown Claims) against the Released Defendant
4  Persons.

5        b.      Upon the Effective Date, the Co-Lead Plaintiffs (acting on their own behalf
6  and, in some cases, derivatively on behalf of Alphabet), Alphabet, and any Person acting
7  derivatively on behalf of Alphabet, shall be forever barred and enjoined from asserting,
8  commencing, instituting, or prosecuting any of the Released Stockholder Claims against any
9  Released Defendant Persons.

10       c.      Upon the Effective Date, each of the Individual Defendants and Alphabet
11  shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever
12  released, relinquished, and discharged the Released Defendant Claims (including Unknown
13  Claims) against the Released Stockholder Persons, and shall be forever barred and enjoined from
14  asserting any Released Defendant Claims against any Released Stockholder Persons.

15    10.    **No Admissions:** Neither this Judgment, nor the Stipulation (including any exhibits
16  attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or
17  in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered,
18  attempted to be offered, or used or referred to in any way by the Settling Parties as a presumption,
19  a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Settling
20  Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used
21  as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of
22  the Released Persons in any civil, criminal, or administrative proceeding in any court,
23  administrative agency, or other tribunal. Neither this Judgment, nor the Stipulation, nor the
24  Settlement, nor any act performed or document executed pursuant to or in furtherance of the
25  Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to
26  enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation
27  and/or this Judgment in any action or proceeding that may be brought against them to support a
28

defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties and all current Alphabet stockholders for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; and (b) all other matters relating to the Action.

12. **Attorney Fees and Service Awards:** Plaintiffs' Lead Counsel is hereby awarded $37,000,000.00 in fees, and $384,906.53 in expenses, plus a proportionate share of the interest thereon, which the Court finds to be fair and reasonable for the reasons described at the final approval hearing. Co-Lead Plaintiffs are hereby each awarded $10,000.00, for Service Awards, which the Court finds to be fair and reasonable for the reasons described at the final approval hearing. The Fee and Expense Award is separate from and in addition to the $500 million spend amount. The Fee and Expense Award, which includes litigation expenses and the Service Awards to the Co-Lead Plaintiffs, was negotiated with the assistance of and was the result of a mediator's recommendation made by the mediator, the Hon. Layn R. Phillips (Ret.). Alphabet has agreed that, to the extent available, it will cause insurance proceeds from the Defendants' insurers to pay for the Fee and Expense Award in excess of any applicable self-insured retention.

13. **Modification of the Agreement of Settlement:** Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto, to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Alphabet or current Alphabet stockholders in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14. **Termination of Settlement:** If the Settlement is terminated as provided in the Stipulation or the Effective Date otherwise fails to occur, this Judgment shall be vacated, rendered

null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Settling Parties and all current Alphabet stockholders, and all Settling Parties and Released Persons shall be restored to their respective positions prior to execution of the Stipulation, as provided in the Stipulation.

15. **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

DATED: _____September 30, 2025_____   _____
THE HONORABLE RITA F. LIN
UNITED STATES DISTRICT JUDGE

8

[P̶r̶o̶p̶o̶s̶e̶d̶] ORDER AND FINAL JUDGMENT